BRYANT *v.* STATE

[No. 8, September Term, 1962.]

*Decided October 23, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Robert J. Gerstung,* for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *James W. McAlister, Assistant State's Attorney,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Nathaniel S. Bryant, was indicted and tried

in the Criminal Court of Baltimore on four counts for violation of Code (1957), Article 27, §§ 277 and 300 (Narcotic Drugs). Count 1 alleged unlawful possession of heroin; count 2, unlawful control of the same narcotic drug (both counts 1 and 2 being in violation of § 277); count 3, second offender, encompassing count 1 and a prior conviction for having a syringe and needle for narcotics use, under § 300; and count 4, a second offender count encompassing count 2 and the same prior conviction. He pleaded not guilty and was tried by the court, sitting without a jury, was granted a verdict of not guilty as to count 1, but found guilty on counts 2, 3, and 4 and given a general sentence of ten years in the Maryland House of Correction, from which he appeals.

On October 30, 1961, police officers, acting on information received by them, met the appellant, who was suspected of being in possession of narcotics, as he arrived from New York at the Baltimore Greyhound bus terminal. They accosted and asked the appellant and a codefendant, Rice, who was also on the bus, to go to a baggage room for questioning as to possible violation of the narcotics law. One of the officers saw Rice throw away a package, later found to contain several "decks" of heroin. Both men were arrested and taken to the police station for interrogation, where appellant made and signed a confession. The confession included a detailed narrative, including dates and times, of how the appellant purchased the heroin. It also included exact addresses and narrated how he got Rice, a total stranger prior to this time, to carry the narcotics off the bus for the appellant. He was informed of his rights not to confess, that any confession, if made by him, could be used for or against him in court, and that it must be free and voluntary. The testimony of the investigating officer and of appellant himself indicates that appellant had used some of the "decks" some time between five and fifteen hours prior to his interrogation. The officer, experienced in narcotics work, testified that he appeared very normal. The appellant testified he was under the influence of narcotics at that time.

On this appeal the appellant makes three contentions: 1, the prosecution did not meet its burden of proof by establishing the voluntariness of the confession; 2, the indictment is defec-

tive and constitutionally invalid because the word *control* is conclusionary pleading and fails to apprise the defendant of the nature and extent of the crime for which he has been indicted; and 3, the verdict of guilty on the third count is erroneous, since the defendant was found not guilty of the first count and both counts are the same, except for collateral allegations of prior offenses contained in the third.

Regarding his first contention, it is well established in this state that in order for a confession to be admitted into evidence against the accused the State must prove that it was voluntary and not a product of force or threats, and not the result of any promises whereby the accused might be led to believe that there might be a partial or total abandonment of prosecution. *Presley v. State,* 224 Md. 550, 559, 168 A. 2d 510, and cases therein cited. Whether the confession was voluntarily and freely made, and therefore admissible, depends on the facts and circumstances of each case. *Ford v. State,* 181 Md. 303, 29 A. 2d 833. The determination of the admissibility is left largely to the trial court, and it will not be disturbed on appeal unless there was a manifest abuse of discretion. *Ralph v. State,* 226 Md. 480, 174 A. 2d 163; *Grammer v. State,* 203 Md. 200, 100 A. 2d 257, *cert. den.* 347 U. S. 938, 74 S. Ct. 634, 98 L. Ed. 1088. The burden rested upon the State to show that the confession was voluntarily given by the accused. *Kier v. State,* 213 Md. 556, 132 A. 2d 494. On direct examination the investigating officer testified that the appellant voluntarily gave his confession. On cross examination and under questioning by the court this witness testified that appellant had probably taken heroin within several hours prior to the confession and was probably under its influence, but appeared normal in all respects, responding coherently to questioning, including many answers involving details as to dates and times. The appellant's counsel did elicit from the witness the fact that the appellant was probably under the influence of narcotics at the time of the confession, but this does not of itself make the confession not free and voluntary. In *People v. Waack* (Cal.), 223 P. 2d 486, the defendant was charged with unlawfully furnishing and adminstering narcotics to another. In rejecting the defendant's contention that his confession was not freely given due to his

being under the influence of narcotics, the court said, at page 489:

"The question is not whether the defendant was suffering from the effects of a narcotic when the statements were taken, but whether such statements were freely and voluntarily given by defendant at a time when he knew and understood what he was saying."

In that case, as in the instant case, the defendant gave detailed statements as to times and places to the police. Although no Maryland case seems to deal exactly with this point, in *McCleary v. State,* 122 Md. 394, 89 Atl. 1100, where defendant confessed on Saturday evening to a murder and there was evidence he had been given morphine by a doctor, either on Friday night or Saturday, the court held that his mental irresponsibility and agitation was not such as to prohibit admissibility when the evidence showed that he did answer questions in a reasonable and coherent manner. Cf. *Saldiveri v. State,* 217 Md. 412, 143 A. 2d 70.

Since the trial judge saw and heard the witnesses who testified before him, could weigh the credibility of their testimony, and since there is persuasive authority in other jurisdictions, if not in Maryland (*Bell v. United States,* 47 F. 2d 438; *Lindsey v. State* (Fla.), 63 So. 832; *State v. Grear* (Minn.), 10 N. W. 472; *Ray v. State* (Ala.), 97 So. 2d 594; *Eiffe v. State* (Ind.), 77 N. E. 2d 750; *People v. Townsend* (Ill.), 141 N. E. 2d 729, *cert. den.* 355 U. S. 850, 2 L. Ed. 2d 60, and reh. den. 355 U. S. 886, L. Ed. 2d 116), that confessions made while under the influence of self-administered narcotics may be admitted in evidence against the accused, we can not find that the trial judge was in error in ruling that the prosecution had sustained the burden of proving the defendant's confession to be voluntarily made and admitting it in evidence.

We find no merit in the appellant's second contention that counts 2 and 4 of the indictment were fatally defective because the word *control* fails to apprise the defendant of the nature and the extent of the crime for which he was indicted in violation of Article 21 of the Declaration of Rights, which requires that in all criminal prosecutions the defendant "hath a

right to be informed of the accusation against him." Section 277, under which these counts of the indictment were drawn, makes it unlawful for any person to "have under his control * * * any narcotic drug * * *." In this contention the appellant indulges in an exercise in semantics. He urges that it is hard to distinguish between the words "control" and "possession", and, therefore, appellant was not sufficiently apprised. Section 277 makes the possession of narcotics and the control of narcotics two separate offenses. We must give them their ordinary meanings. According to Webster's Third New International Dictionary, Unabridged (1961), "control" is defined as "to exercise restraining or directing influence over." It has also been defined to relate to authority over what is not in one's physical possession. *In re Merritt's Estate,* 46 N. Y. S. 2d 497, 505. According to the standards of everyday and legal language, appellant was sufficiently apprised of the separate charges against him, and he could not again be charged with these same offenses. It is generally sufficient in Maryland if an indictment for a statutory offense sets out the charge in the words of the statute. *State v. Lassotovitch,* 162 Md. 147, 154, 159 Atl. 362. *McGowan v. State,* 220 Md. 117, 125, 151 A. 2d 156.

The appellant's third contention is well taken and the State in its brief as much as admits it, but this does not invalidate the sentence imposed of ten years in the Maryland House of Correction. Article 27, § 300, dealing with penalties for violation of the narcotics laws, provides for a fine or imprisonment of not more than five years for a first offense and, as to second offenders, for imprisonment of as much as ten years; so that the sentence imposed was authorized under the fourth count of the indictment. Even though a verdict of guilty under count 3, alleging a second offense for possession of narcotics, was erroneous after the appellant had been acquitted under count 1, the general sentence of ten years we find to be sustainable under count 4.

> *Judgment affirmed as to counts 2 and 4, and reversed as to count 3; and case remanded for entry of judgment of not guilty as to count 3.*