## ABBOTT *v.* STATE

[No. 311, September Term, 1962.]

*Decided May 14, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRES-
COTT, HORNEY and MARBURY, JJ.

*R. Bruce Alderman,* for appellant.

*Eli Baer, Special Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, Frank H. Newell,
III* and *Charlton T. Howard, State's Attorney* and *Assistant
State's Attorney,* respectively, for Baltimore County, on the
brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The defendant, Franklin M. Abbott, claiming that his con-
fession was induced by the threats of the police to also charge
him with murder unless he confessed committing armed rob-
bery, has appealed his conviction of the robbery.

The defendant was arrested in the city by Baltimore City
and Baltimore County police on April 24, 1962, for the armed
robbery of a gasoline filling station at Middle River that had
been perpetrated on February 17, 1961, by two unidentified men
wearing masks over their faces. After being taken to a police
station in the city, he was removed forthwith to the county
police headquarters in Towson, and, upon arrival, was taken to
the interrogation room where he was docketed on the charge
of armed robbery.

At the outset of the interrogation, the defendant was told that
he was under investigation not only for armed robbery but al-
so for murder and that any statements he made could be used
against him in court. He was further informed that he had been
implicated in the robbery by one of two men [1] who were be-
ing held for investigation of several murders and that the po-
lice wanted to know whether the defendant was involved in the

---

1. The two men in question (Frederick Mefford and Earl Black-
burn) were tried and convicted of first degree murder between the
time the defendant was arrested and the date of his trial.

464

robbery and also whether he was involved in the murders. In order to convince the defendant that the police were holding the two men named for investigation of murder, the defendant was taken to the headquarters garage and shown the automobiles belonging to the suspected murderers.

During the interrogation period, which lasted from 1 :10 p.m. until 5 :40 p.m., the defendant (except for time out to have something to eat) was questioned about the murders as well as the robbery. Near the end of the session (and after the police had become satisfied that he was not involved in the murders), the defendant in an oral statement admitted his complicity in the armed robbery and the statement, when it had been typed in question and answer form, was signed by the defendant.

With respect to the voluntary character of the confession, the defendant testified that he had been manhandled by one of his inquisitors, but the police denied that anyone had laid a hand on him during the investigation. The defendant also testified that he refused to sign the written statement until he was allowed to communicate with his wife, but, upon being questioned by the court, he admitted that he signed the statement before he talked with his wife. The defendant further testified that the police threatened to charge him with murder if he did not confess to the robbery, but the police, though admitting that they had questioned the defendant about the murders, denied that they had made him any promises or threatened him in any way. The police further testified that after questioning him about the murders for a while, they were satisfied that he was not involved in them.

The trial court, having found as a fact that the defendant had not been treated roughly, that he did not sign the statement as a result of a promise by the police, and that the confession had not been obtained by threats that he would also be charged with murder if he did not confess to robbery, concluded that the State had met the burden required of it to show that the confession had been freely and voluntarily made and admitted it into evidence. We cannot say that the court erred in so doing.

Since the contention is that the confession was not freely and voluntarily given, the only question on appeal is whether the interrogation of the defendant as to the murders at the same

time he was being questioned as to the armed robbery constituted such a threat, promise or inducement as rendered the confession of armed robbery inadmissible. We think not.

The rule regarding the admissibility of a confession is that the State must prove that it was freely and voluntarily given and that it was not the product of force or of a promise, threat or inducement whereby the accused might be led to believe that there would be a partial or total abandonment of prosecution. *Bryant v. State,* 229 Md. 531, 185 A. 2d 190 (1962). See also *Presley v. State,* 224 Md. 550, 168 A. 2d 510 (1961). Whether the confession was freely and voluntarily made necessarily depends on the facts and circumstances in each case. And whether the confession should be admitted as evidence is ordinarily a matter for the trial court to decide and its determination will not be disturbed on appeal unless there was a clear abuse of discretion. *Bryant v. State, supra.*

We think it is clear that the trial court did not abuse its discretion in finding that the interrogation of the defendant with respect to the murders had not induced him to sign the statement admitting complicity in the robbery.

In reaching this conclusion, we have not overlooked the two cases relied on by the defendant to support his contention. In one, *People v. Hurst,* 96 P. 2d 1003 (Cal. App. 1939), the confession (had a timely objection been interposed) would have been ruled to be inadmissible because the defendant was promised that if he confessed he would be charged with only one offense. And in the other, *State v. Duran,* 259 P. 2d 1051 (Mont. 1953), the confession was held to be inadmissible because the defendant confessed to a burglary on a promise that a "prior conviction charge" for burglary would be dropped. However, both of these cases are clearly distinguishable from the instant case on the facts, for here the lower court found that no promise or threat had been made to the defendant in order to induce the confession.

For the reasons stated herein, the judgment will be affirmed.

*Judgment affirmed.*