## MUNDELL *v.* STATE

[No. 139, September Term, 1965.]

*Decided October 11, 1966.*

The cause was submitted on the brief to HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

Submitted by *Marjorie S. Holt* for appellant.

Submitted by *Thomas B. Finan, Attorney General,* with whom were *David T. Mason, Assistant Attorney General* and *Marvin H. Anderson* and *Allan C. Westcott, State's Attorney* and *Assistant State's Attorney* for Anne Arundel County, for appellee.

HORNEY, J., delivered the opinion of the Court.

On appeal the defendant (Irvin Frederick Mundell), who was convicted of breaking into a barber shop with intent to commit a felony and with attempted larceny, contends: (i) that his statement to the police was not freely and voluntarily given; (ii) that his counsel did not have sufficient time to prepare his defense; and (iii) that the evidence was insufficient to show that he intended to commit a felony.

In the early morning of November 17, 1964, as Corporal Curtis R. Nunn of the Anne Arundel County Police was patrolling the downtown area of Glen Burnie, he heard the breaking of glass. When he looked in the direction from which the sound came, he saw a man (later identified as the defendant) at the door of a barber shop breaking the glass out with a bottle. On hearing the police car door slam, the defendant ran from the scene. The officer pursued and apprehended him, but not before several warning shots had been fired. Following treatment of the defendant at a hospital for an abrasion on his head received either as a result of falling as he was attempting to flee or of having been grazed by a bullet, he was released in the custody of another police officer. Later, after he had been advised that he did not have to make a statement, that if he gave one it could be used against him and that he had a right

to be "represented by a lawyer at anytime," the defendant made a statement in which he admitted that he had broken and entered the shop with the intention of taking "everything [he] could get and a lot of cash * * * about $50 or $60 * * * [and go to] Massachusetts to see [his] brothers." Prior to the breaking the defendant had worked in the barber shop. At the trial the wife of the owner testified that $60 in cash and a lot of barber tools were in the shop when it was broken into. There was also evidence to the effect that the defendant appeared to be semiconscious at the time of arrest, that he was crying when he was about to be released from the hospital, that he was depressed and that he had been drinking.

(i)

The State met the burden of proving the voluntary character of the statement. The test in this case is not, as the defendant claims, whether he was frightened, hysterical, depressed and had been drinking, but whether his disclosures to the police were freely and voluntarily made at a time when he knew and understood what he was saying. See *Wiggins v. State,* 235 Md. 97, 200 A. 2d 683 (1964), *cert. den.* 379 U. S. 861 (1964). Also see *Bryant v. State,* 229 Md. 531, 185 A. 2d 190 (1962). Not only was the defendant advised of his right to remain silent and to see a lawyer and warned that any statement he made could be used against him, but the record is clear that he was rational and coherent during the time the statement was taken. In addition to this, it is apparent from the record that he made the statement freely and voluntarily and that no force, threats or promises were made to induce him to make it. See *Abbott v. State,* 231 Md. 462, 190 A. 2d 797 (1963). To the same effect, also see the more recent cases of *Bean v. State,* 234 Md. 432, 199 A. 2d 773 (1964) and *Campbell v. State,* 240 Md. 59, 212 A. 2d 747 (1965). The case at bar was tried before *Miranda v. Arizona,* 384 U. S. 436 (1966) and *Johnson v. New Jersey,* 384 U. S. 719 (1966) were decided.

(ii)

The record indicates that the time counsel had to prepare the defense of his client was reasonable under the circumstances of this case. In *Baldwin v. United States,* 260 F. 2d 117 (4th

Cir. 1958), *cert. den.* 360 U. S. 938 (1959), where the attorney had six hours to interview the witnesses for the prosecution, the court said (at p. 118) that "[w]hat may be a reasonable time in one case can be quite unreasonable in another, and the sufficiency of the time depends upon what is disclosed to counsel by his client." In other federal cases—*Turner v. State of Maryland,* 318 F. 2d 852 (4th Cir. 1963), where counsel had less than a half hour to consult with his client; *United States v. Cavell,* 294 F. 2d 12 (3rd Cir. 1961), *cert. den.* 370 U. S. 945 (1962), where counsel was appointed the day of trial; and *Avery v. Alabama,* 308 U. S. 444 (1940), where the case was not reached for trial until the third day after assignment of counsel—the respective times allowed to prepare for trial were held to be adequate. The cases in this State, such as *Pressley v. State,* 220 Md. 558, 155 A. 2d 494 (1959), *Harmon v. State,* 227 Md. 602, 177 A. 2d 902 (1962) and *Johnson v. State,* 237 Md. 283, 206 A. 2d 138 (1965), in which the time allowed to prepare for trial varied from less than one day to more than forty days, the time elements were held to be reasonable under the particular facts and circumstances of each case. In *Pressley* (where the appointment was made on day of trial) counsel was familiar with the case by reason of his representation of the co-defendant. In *Harmon* (where counsel was assigned more than forty days before trial) there was no showing of extraordinary circumstances necessitating a delay. In *Johnson* (where counsel was notified of the trial date two weeks in advance) the State had offered to turn its file over to the defense when the case was assigned for trial. But in *Franklin v. Warden,* 235 Md. 619, 201 A. 2d 16 (1964), the allowance of only ten minutes for court-appointed counsel to confer with his client was properly held to be unreasonable. In the instant case, where counsel for the defendant was appointed on February 16, 1965, and the trial was held on February 24, 1965, and there was no request for a continuance or a showing that counsel needed more time for consultation or to prepare the case for trial, it is apparent that the time allowed was not inadequate.

(iii)

The evidence was legally sufficient to show that the defendant broke into the barber shop with the intent to commit a

felony, that is, to steal goods of the value of $100 or more. The contention is that there was no evidence that the defendant had any knowledge that there was money in the barber shop. The record is to the contrary. The defendant having confessed that he intended to take everything he could get and a "lot of cash" amounting to $50 or $60, the admission not only refutes the claim that he did not know there was any cash in the shop, but in addition to this, the testimony of the wife of the owner corroborated the fact that besides $60 in cash there were a number of "barber tools" he could have gotten had he gained entrance to the shop. In *Putnam v. State,* 234 Md. 537, 200 A. 2d 59 (1964), we had occasion to say (at p. 546) that "the amount or value of what is intended to be stolen is often a matter of inference, and the evidence here would, we think, readily support the inference that the value was intended to be $100.00 or more." What was said *there* is directly in point *here* and it is not necessary to cite other cases which are apposite.

*Judgment affirmed.*