JAMES JULIUS COOPER *v.* STATE OF MARYLAND

[No. 79, Initial Term, 1967.]

*Decided April 21, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and MENCHINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Alexander R. Martick* for appellant.

*Richard C. Rice, Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Appellant was convicted on February 14, 1966 of the crime of grand larceny in the Criminal Court of Baltimore before Judge James A. Perrott, presiding without a jury, and sentenced to imprisonment for a term of ten years.

The contention raised on this appeal is that the confession of appellant was improperly admitted in evidence.

Evidence that the dwelling house in Baltimore City of Robert A. Moore was broken into on December 28, 1965 and goods of the value of $336 taken was offered by the State by stipulation with appellant's counsel. The only other evidence was the oral confession of the appellant to the effect that he

and another man broke into the house and took the articles. The circumstances surrounding the obtaining of the confession are summarized as follows:

The record indicates, although it is not clear, that appellant was arrested in the Southern Police District on January 12, 1966. Lt. Joseph Judd had obtained a warrant for his arrest on December 29, 1965 and testified that appellant was arrested in the Northern Police District. Investigation in the Northern Police District disclosed that "* * * he was wanted on a warrant in the Western District for investigation." On Saturday, January 15, 1966, about 11:15 A.M. he was taken to the Western District by Lt. James Butler and Detective Moore and booked for investigation. Lt. Judd did not know how long the appellant had been in custody before he was taken to the Western District. At 6:45 P.M. on January 15, 1966 appellant was interrogated by Lt. Judd. Lt. Judd testified that he read the warrant to appellant, informed him another arrest had been made in the case and that certain information had been received. Lt. Judd then said:

> "I told him I understood he told Lieutenant Butler certain information and it became necessary I make certain statements to him. I told him anything he said had to be free and voluntary on his part, I could not offer him any inducement and commented that anything he said to me would be made part of the record in court. Also informed him did he want to contact anybody who had a direct personal interest in his case. He said no, he wanted to talk to me about it."

Lt. Judd further testified that neither he nor anyone in his presence threatened the appellant and that the statement was given freely and voluntarily. On cross examination Lt. Judd stated that he knew Lt. Butler had talked to the appellant on January 14, 1966 but later said no one had interrogated appellant prior to the interrogation by him, apparently meaning while appellant was in custody in the Western District. Appellant refused to sign the confession. Appellant took the stand for the limited purpose of the voluntariness of the confession. He testi-

fied that he remained at the Northern Police Station for three days and during that period was questioned three or four times but was not "arrested for anything at the Northern". He stated that he had been originally confined at the Southern Police Station and had been questioned there by Lt. Butler. On cross examination he said that no one threatened him during the time he was incarcerated, that no one hit him and that he was fed. At that point the transcript of the trial reads as follows:

"Q (by the State) Whatever statement you made, you made it freely and voluntarily of your own free will? Whatever you said to them, you said because you wanted to, right?

A At that time I was sick.

Q My question is, whatever you said to the police, Lieutenant Judd or Lieutenant Butler or anyone in respect to answers to questions, you said it voluntarily?

A I said it because I was sick and got tired of them bothering me.

Q Nobody threatened you?

A No.

Q Nobody hurt you?

A No, they didn't."

The State proffered the confession and appellant's counsel objected on the basis that the totality of the circumstances prevented it from being voluntary. The objection was denied and the confession was placed in evidence by the testimony of Lt. Judd.

It is well established in this State that in order for a confession to be admitted into evidence against the accused the State must prove that it was voluntary and not the product of force or threats, and not the result of any promises whereby the accused might be led to believe that there might be a partial or total abandonment or prosecution. *Presley v. State,* 224 Md. 550 (1960) and cases cited. Whether the confession was voluntarily and freely made, and therefore admissible, depends on the facts and circumstances of each case. *Bean v. State,* 234 Md. 432 (1964). An oral confession, if freely and voluntarily given, is admissible as evidence and the fact that it is oral does not impose on the State an additional burden to prove its

voluntary character. *Campbell v. State,* 240 Md. 59 (1965).
Although the initial burden rests on the State to show that the
confession was voluntary, *Kier v. State,* 213 Md. 556 (1957);
*Abbott v. State,* 231 Md. 462 (1963), this does not mean that
the court must close its ears to the evidence offered by an ac-
cused regarding it. The matter of admissibility of a confession,
in the first instance, is for the court and involves a mixed ques-
tion of law and fact. As the Court of Appeals said in *Smith v.
State,* 189 Md. 596 (1948) at page 604:

> "If, after a consideration of both the evidence of the
> State *and the evidence offered by an accused* (if any
> be offered by him) *regarding the matter,* the court is
> of the opinion that the evidence shows, prima facie,
> that the confession was freely and voluntarily made,
> it should be admitted in evidence; and, if not, it
> should be rejected." (emphasis supplied)

In the instant case, there is no question raised that force
or coercion was exercised by any police officer to cause the
appellant to confess and there is no question raised that any
hope or promise was held out to him for the purpose of induc-
ing him to confess. On direct examination the police officer, to
whom the confession was made, testified that the confession
was given freely and voluntarily. Appellant stated that no one
threatened him during the time he was incarcerated and no one
used force on him. He did not contend that any promises or
inducements were made to him at any time he was questioned.
When asked whether whatever he said "to the police, Lieutenant
Judd or Lieutenant Butler or anyone in respect to answers to
questions" was said freely and voluntarily, his only comment
was, "I said it because I was sick and got tired of them bother-
ing me." Any question that "bothering" him encompassed force
or coercion is dispelled by appellant testifying that no one threat-
ened or hurt him. We see nothing improper in persistent efforts
by police officers to obtain a confession if such efforts do not ex-
tend beyond legal bounds. The objection to the admission of
the statement was on general grounds that the totality of the
circumstances surrounding the giving of the statement so im-

posed on the will of the appellant that he was induced to confess, that he had been in custody for four days and was tired. Defense counsel also conceded that there were no threats and raised no contention that there were any promises made or inducements offered. His conclusion that appellant was "tired is not supported by the evidence; appellant said that he "got tired of them bothering me." There is no evidence of lengthy questioning and, in any event, lengthy questioning does not, of itself, make a confession involuntary. *Presley v. State*, supra. Assuming, arguendo, that appellant confessed because he got tired of the police officers bothering him, we do not feel that this, itself, renders the confession inadmissible. Although we find no authority directly on point, in *McCleary v. State*, 122 Md. 394 (1914), the Court of Appeals held that in considering the question of the admissibility of a confession, it was not whether the accused was mentally agitated, but whether he was so far deprived of his sense of reason as not to be responsible for what he may have said.

The fact that appellant was not represented by counsel at the time he confessed does not of itself render the confession inadmissible. There was no allegation that appellant requested counsel and that counsel was denied him, so *Escobedo v. Illinois*, 378 U. S. 478 (1963), does not apply. Nor was appellant within the ambit of *Miranda v. Arizona*, 384 U. S. 436 (1966) as *Miranda* is not retroactive. *Meadows v. Warden*, 243 Md. 710 (1966).

The record does not disclose that the confession admitted in evidence was based on a prior confession or admission. It does disclose that appellant had given Lt. Butler "certain information" but no details are set forth and no evidence is proffered with respect to that information. *Combs v. State*, 237 Md. 428 (1965) is not apposite and in view of the testimony of Lt. Judd and the appellant we do not feel that it was necessary for the State to call Lt. Butler with respect to the confession made. Excluding, for the moment, appellant's contention that he confessed because he was "sick," we feel that the confession was otherwise admissible. We think, considering both the evidence of the State and the testimony of the appel-

lant, that the court could properly find that the confession was free and voluntary. Nor do we find sufficient evidence that appellant's will was overborne or that his confession was not the product of a rational intellect and a free will. See *Townsend v. Sain,* 372 U. S. 293 (1963). Nothing in *Streams v. State,* 238 Md. 278 (1964) compels a contrary conclusion. There the accused alleged that the police officers made promises as to probation and threats of long sentences which were not refuted by the State. The Court said that it is not necessary that each person who had casual contact with the accused while he was detained by the police or who was present during the interrogations that lead to a confession must testify as to its voluntariness in order for the State to meet its burden. The Court continued, at page 282:

> "It may be enough if one credible witness can testify from personal observation that nothing was said or done prior to and during the obtention of the confession to mar or destroy its voluntary character and there is no claim by the prisoner of improper treatment by others than those covered by such testimony."

We do not construe this language to compel us to hold that the evidence offered in the instant case was not sufficient for the finding of the lower court that the confession was admissible, in view of appellant's testimony that he was not threatened or hurt during his incarceration. Nor do we find *Mercer v. State,* 237 Md. 479 (1965) apposite. There the testimony of the accused that he was physically mistreated by two officers, was uncontradicted by either of them.

There remains the question whether the appellant's contention that he confessed because he was "sick" vitiates the admissibility of the confession.

This is a bald allegation unsupported by any evidence as to the nature of the illness, its effect on the appellant, whether he was given medical treatment or that medical treatment was requested and denied him. While on the stand for the limited purpose of the admissibility of the confession, appellant had every opportunity to testify to this effect. He urges on appeal

that great importance should be given to the fact that this allegation was not rebutted by the State. We do not agree. In *Bryant v. State,* 229 Md. 531 (1962) the investigating officer testified that the accused voluntarily gave his confession. On cross examination this witness admitted that the accused had probably taken heroin within several hours prior to the confession and was probably under its influence, but appeared normal in all respects, responding coherently to questioning. The Court held that even though the accused was probably under the influence of narcotics at the time of the confession, this did not of itself make the confession not free and voluntary. The Court quoted *People v. Waack,* (Cal.), 223 P. 2d 486 at page 489:

> "The question is not whether the defendant was suffering from the effects of a narcotic when the statements were taken, but whether such statements were freely and voluntarily given by defendant at a time when he knew and understood what he was saying."

In *Campbell v. State,* 240 Md. 59 (1965), the contention was that the oral confession was not voluntary because made under the influence of a pain-deadening drug, administered by hospital authorities upon the accused's admission to the hospital. There was no testimony from any of the hospital staff as to the injection of any drug, or the effects, if any, upon the recipient's will and the accused's testimony that the drug was administered was not contradicted or impeached. The Court referred to the rule in the vast majority of jurisdictions, that this circumstance would not preclude a truly voluntary statement, as a matter of law and quoted the Maryland position as being that stated in *Bryant.* In *Mundell v. State,* 244 Md. 91 (1966) there was evidence the defendant appeared to be semi-conscious at the time of his arrest, that he was crying when he was about to be released from the hospital, that he was depressed and had been drinking. In holding that the confession made by the defendant was admissible, the Court said that the test was not, as the defendant claimed, whether he was frightened, hysterical, depressed, and had been drinking, but whether his disclosures to the police were freely and voluntarily made

at a time when he knew and understood what he was saying. The Court noted that the record was clear that he was rational and coherent during the time the statement was taken.

It appears from the record here that appellant was rational and coherent when the confession was made. He gave details as to what was taken, where the articles were disposed of (correcting information Lt. Judd had received in this regard) and stated who participated in the crime with him. There is every indication from the record that he knew and understood what he was saying. He was told anything he said had to be free and voluntary on his part, that he could not be offered any inducement and that anything he said "would be made part of the record in court." He was also asked if he wanted to "contact anybody who had a direct personal interest in his case." Appellant said no, he wanted to talk to the officer about it.

The determination of admissibility of a confession is left largely to the trial court, and it will not be disturbed on appeal unless there was manifest abuse of discretion. *Bryant v. State,* supra; *Ralph v. State,* 226 Md. 480 (1961) ; *Grammer v. State,* 203 Md. 200, cert. den. 347 U. S. 938. We find no such abuse here. The confession being otherwise freely and voluntarily made, we do not feel that the bald allegation by the appellant that he was "sick," considered alone or in conjunction with other facts and circumstances of this case, precludes its admissibility. We hold that the confession was properly admitted in evidence.

In our opinion the evidence entered by stipulation and the oral confession of the appellant were sufficient to sustain the conviction. Maryland Rule 1086.

*Judgment affirmed.*