## CALVIN HARRIS *v.* STATE OF MARYLAND

[No. 185, Initial Term, 1967.]

*Decided May 19, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and RUSSELL, J., Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Stuart Hirsh,* with whom was *Nelson R. Kandel* on the brief, for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Edward J. Angeletti, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was tried for the crime of murder before a jury in the Criminal Court of Baltimore, Judge J. Gilbert Prendergast, presiding. A verdict of not guilty of murder in the first degree was directed by the court and appellant was convicted of murder in the second degree on April 4, 1966 and sentenced to a term of not more than 15 years.

The only contention on this appeal is that the court erred in admitting the written statement of the appellant in evidence.

The appellant, age 15 years, with some companions, joined a group who were retreating from a fight at a restaurant on Pennsylvania Avenue in Baltimore City. So reinforced, they all went back to reengage their enemies and a general melee broke out. Appellant drew a gun and killed a man named Preston Arnold, who was attempting to break up the fight, by shooting him in the back. Thereafter a number of shots were fired by unidentified persons and the appellant was shot in the back as he fled the scene. Later, he and some of his companions assembled at his home and appellant, in the company of his mother, went to the accident room of Provident Hospital, where he was treated and released. On January 3, 1966, two days after the homicide, about 4:50 P.M., the police went to appellant's home and requested him to accompany them to the Western Police Station to discuss how he got shot. The police were questioning other boys also and he was placed in the court-

room with them to await his turn. (Appellant alleged he was placed in a cell but this was denied by the police). The police testified he was not at that time under arrest and was not placed under arrest until he made admissions to them during his interrogation. A statement was obtained from the appellant, in writing, on January 3, 1966 in the presence of his mother. The interrogation started at 8:20 P.M. and was completed at 10:40 P.M. The statement consisted of four typewritten pages, each initialed by the appellant and the last page was signed by the appellant and his mother and witnessed by a police sergeant, a police detective and a police officer. The only person present during the interrogation, in addition to those whose signatures appeared on the statement, was a police clerk who typed it.

Appellant does not contend on this appeal that the statement was a product of force or of a promise or an inducement. The thrust of his argument is that the police did not follow the guidelines set forth in *Miranda v. Arizona,* 384 U. S. 436, decided June 13, 1966, and for this reason the trial court erred in admitting it in evidence. Appellant's trial commenced March 31, 1966. In *Johnson v. New Jersey,* 384 U. S. 719 (June 20, 1966), the Supreme Court held that the constitutional principles, newly enunciated in *Miranda,* need not be retroactively applied to cases which were commenced before the *Miranda* decision was rendered. In *Westfall v. State,* 243 Md. 413 (1966) the Court of Appeals stated it would not apply them to such cases because of the severe hardship which would be imposed on the administration of criminal justice in this State by a broader application. It has affirmed this position in a number of cases since *Westfall. Elliott v. Warden,* 243 Md. 627 (1966); *Meadows v. Warden,* 243 Md. 710 (1966); *Mundell v. State,* 244 Md. 91 (1966). This Court has also held that *Miranda* is not retroactively applied. *Crumb v. State,* 1 Md. App. 98 (1967); *Norris v. Warden,* 1 Md. App. 69 (1967). Nor is appellant within the ambit of *Escobedo v. Illinois,* 378 U. S. 478 (1963) as he does not contend that he requested counsel and the request was denied him. Therefore the test as to whether the statement was properly admissible is whether it was freely and voluntarily made and whether it was so made depends on the facts and circumstances of the case. *Bean v. State,* 234 Md. 432 (1964). The initial bur-

den rests on the State to show that the confession was voluntary; the matter of its admissibility, in the first instance, is for the trial court and involves a mixed question of law and fact. *Cooper v. State,* 1 Md. App. 190, decided April 21, 1967 and cases cited. The Court of Appeals said in *Smith v. State,* 189 Md. 596 (1948) at page 604:

> "If, after a consideration of both the evidence of the State and the evidence offered by an accused (if any be offered by him) regarding the matter, the court is of the opinion that the evidence shows, prima facie, that the confession was freely and voluntarily made, it should be admitted in evidence; and, if not, it should be rejected."

The fact that appellant was 15 years of age does not of itself make the statement involuntary. See *Bean v. State,* 234 Md. 432 (1964), *Linkins v. State,* 202 Md. 212 (1953), *Jones v. State,* 188 Md. 263 (1947) and *Birkenfeld v. State,* 104 Md. 253 (1906) in each of which confessions of infants were held to be admissible. During the preliminary proceedings relative to the admissibility of the statement, two of the three police officers present when the statement was made, testified, out of the presence of the jury, to the effect that neither they nor anyone in their presence offered the appellant any immunities or rewards, made him any promises, threatened him or used any force or violence on him and that the statement was free and voluntary. The police officers also testified that appellant was advised of his right to remain silent and to have a lawyer and that anything he said could be used in a court of law. Appellant's mother, present at the instance of the police, while the statement was obtained, testified that she read the statement to her son, that no one used any violence on him, nor offered him any reward or made him any promises while the statement was being taken but that before the statement was signed the police said that appellant would be released in her custody to go to the hospital and then home because he was in pain from the bullet wound and because it was a juvenile court matter. The appellant testified that the police officers had their weapons and "sticks" on the table during the interrogation, that he told the officers his

back was paining him, that they told him if he signed the statement he could go home, that he would be tried in the juvenile court, that he was crying because his back hurt and that one of the officers rubbed his "stick" across the table near appellant's hand but that it never touched his hand because he kept moving his hand away. On cross-examination, he admitted signing the statement and initialing the pages and a correction, that his mother read the statement to him and also signed it and that no one hit him.

It may be enough if one credible witness can testify from personal observation that nothing was said or done prior to and during the obtention of a confession to mar or destroy its voluntary character and there is no claim by the prisoner of improper treatment by others than those covered by such testimony. *Streams v. State,* 238 Md. 278 (1965).

In *Mundell v. State,* 244 Md. 91 (1966), the Court of Appeals said that the test of admissibility was not whether the accused was frightened, hysterical, depressed, and had been drinking, but whether his disclosures to the police were freely and voluntarily made. The record in the instant case disclosed that appellant had an eighth grade education and there was nothing to indicate that he did not understand what he was saying or comprehend what he was doing. There was sufficient evidence to find that he was rational and coherent.

The trial court concluded that the State had met the burden required of it to show that the statement had been freely and voluntarily given and ruled that it was admissible in evidence. We cannot say that the court erred in so doing. Whether the confession should be admitted in evidence is ordinarily a matter for the trial court to decide and its determination will not be disturbed on appeal unless there was a clear abuse of discretion. *Abbott v. State,* 231 Md. 462 (1963). We find no such abuse here.

*Judgment affirmed.*