CHARLES EDWARD ROWE, JR. *v.* STATE OF MARYLAND

[No. 678, September Term, 1978.]

*Decided March 8, 1979.*

642

The cause was argued before MORTON, MOORE and LOWE, JJ.

*Thomas A. Pavlinic* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General,* and *Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

A jury in the Circuit Court for Anne Arundel County convicted appellant of second degree murder. His appeal raises four issues, two of which contend that a pretrial inculpatory statement should have been suppressed. A third issue charges a discretionary abuse by the court in allowing a variance in the order of proof presented by the State. The final concern is with the sufficiency of the evidence.

The latter argument acknowledges the confession and the testimony of appellant that he first shot, then stabbed, the deceased. He contends, however, that in both instances they were founded upon a factual justification indicating self-defense. Appellant summarizes this argument by saying:

> "Since the element of self-defense was introduced during the presentation of the State's case in chief, amplified during the presentation of the defense, and never thereafter rebutted by the State, the Appellant contends that the State did not meet its burden of negating the defense elements by proof beyond a reasonable doubt."

Because appellant stated that he depends upon *Gilbert v. State,* 36 Md. App. 196 (1977), "to spearhead [his] argument," we assume that he contends here, as did Gilbert there, that since the State must rely upon a presumption to prove the

negative elements of malice necessary to raise the admitted homicide to murder (*i.e.,* non-excuse, non-justification and non-mitigation), such presumption was not raised (or, as in *Gilbert* at 201, dissipated), because the statement giving rise to the presumption of homicide came in concomitantly with the unrebutted explanations of self-defense. But appellant does not seem to have caught Judge Moylan's distinction in *Gilbert* between presumptions and inferences. A presumption is a legally required inference. An inference is a factually permissible presumption. Even if we agree that the negative presumptions in this case either disappeared or never arose, there remains an apparent inference from the mode as well as the cause of death, that — absent the excuse — there was malice in the doing. As indicated by Judge Moylan in *Gilbert*:

> "The flaw in the appellant's argument is that although the presumption of a fact may have been dissipated [or absent], the permitted inference of that fact is not, thereby, automatically extinguished also. It may, as a survivor, have an independent life of its own. In this case, it does." *Id.* at 205.

Judge Moylan went on to point out that it is really a question for the factfinder. It may choose to believe the admission of the homicidal act with its permitted inferences of malice from "how" it was done; and yet, may choose to disbelieve the more subjective reasons expounded in explaining "why."

> "The thing that saves the appellant from the otherwise foreclosing effect of the presumption — the thing that *dissipates* the presumption — is evidence that is merely legally sufficient to raise the possibility of a defense. The fact finder may believe such evidence and the appellant is, for that reason, entitled to have the fact finder consider it. Just as the fact finder may believe it, so too may he utterly disbelieve it. In that case, it is as if the evidence had never been given. All that has occurred in a case such as this is that the appellant has generated a genuine jury issue.

. . .

> . . . The fact that it *may* be believed is enough to get the defense before the jury; the fact that it *may not* be believed is enough to keep the State's case before the jury." *Id.* at 205-206 (footnote omitted).

*See Smith v. State,* 41 Md. App. 277, 280. Our conclusion that there was sufficient evidence to sustain the verdict presupposes that the evidence was admissible.

— involuntary inducement —

We next address the admissibility of the inculpatory statements. Prefatorily we point out that our constitutionally mandated independent appraisal of the record satisfies us that there had been no coercion or improper inducement which caused the appellant to confess. *Haynes v. Washington,* 373 U. S. 503, 515-516 (1963). The State proved by a preponderance of the evidence that the confession was not made as a consequence of an improper inducement. *Lego v. Twomey,* 404 U. S. 477, 489 (1972). To support appellant's assertions to the contrary, he specifies three circumstances which to him warrant an opposite conclusion.

Initially he complains that the atmosphere surrounding the interrogation was *too* compatible, notwithstanding his sub silentio admission that the warnings required by *Miranda v. Arizona,* 384 U. S. 436 (1966), were fully given to him. It seems that the interrogating officer explained to appellant that the officer had known what a "no good son-of-a-bitch" the victim had been, and "that the only thing that we wanted to do really was to shake the hand of the man that murdered him . . . ." [1] With a classic non-verbal act which in itself might have constituted a confession, appellant offered his hand to the officer.

Quoting *Spell v. State,* 7 Md. App. 121, 129 (1969), appellant classifies this friendly atmosphere and suggestive remark as something proscribed by the statement that

> "[A confession] cannot be extracted by any sort of

---

[1]. The officer also admitted that he "could have" remarked that the victim "deserved to die."

threats or violence, nor obtained by any direct or implied promises nor by the exertion of any improper influence . . . ."

But this is not a "psychological coercion" as depicted by appellant and proscribed by *Escobedo v. Illinois,* 378 U. S. 478 (1964). *See Blackburn v. Copinger,* 300 F. Supp. 1127, 1139 (1969). It may have been precisely what was felt by the officer (a fact conceded at argument by appellant), however, even assuming the worst, *i.e.,* that it was deceptive trickery to entice a confession — which it inferentially did — it is not unconstitutional to entice confessions deceptively. *Hopkins v. State,* 19 Md. App. 414, 424 (1973), *cert. denied,* 271 Md. 738 (1974). An enticement is only improper when

"the behavior of the State's law enforcement officials was such as to overbear [appellant's] will to resist and bring about confessions not freely self-determined . . . ." *Rogers v. Richmond,* 365 U. S. 534, 544 (1961).

Deception short of an overbearing inducement is a "valid weapon of the police arsenal." *Hopkins v. State,* 19 Md. App. at 424. The implicit condonation of appellant's criminal conduct would only be an improper inducement if appellant understood it as a preliminary pardon from his legal responsibility for the commission of the crime. In that case, the question becomes one of reasonable interpretation of the words used under the extant circumstances by a person of the accused's capabilities, *Biscoe v. State,* 67 Md. 6, 7 (1887), *i.e.,* whether the condonation was a personal expression or an authoritative absolution. The words used in this case are certainly not such as to automatically render that which follows inadmissible. It is barely conceivable that *anyone* could have interpreted the officer's comment as anything more than an effort to "soft soap" the appellant, hoping to trap him into admitting the killing — which appellant did, first by his non-verbal conduct, and subsequently by admitting it in detail but attempting to excuse it as self-defense.

The *Biscoe* formula requires in perspective, not only the

preliminary determination of whether the underlying meaning of the words used would have clearly constituted to *anyone* a holding out of an inducement, but even then, to further determine whether *the accused*[2] had been influenced by such inducement, if one is found to have been offered. *Ralph v. State,* 226 Md. 480, 486 (1961). *See Merchant v. State,* 217 Md. 61, 69 (1958); *Kier v. State,* 213 Md. 556, 561-563 (1957). The detrimental effect of the "inducement" upon the accused must affirmatively appear in the record in order for the defendant to prevail in suppressing his statement. *See Ralph v. State,* 226 Md. at 487-488. Nowhere does the record reflect that appellant's interpretation of the remarks was as an offer of freedom to him, or even of limited punishment, as a *quid pro quo* for confession. More significantly we note that even in his brief here he does not suggest such an interpretation.

While not contending, despite the intended hints, that he was interpretatively misled, appellant does contend that the deception overbore his will to resist, which argument he believes is enhanced by evidence that he was voluntarily drug intoxicated and, consequently (according to a neuro-psychiatric expert) "free from the normal anxiety which people have when faced with dangerous situations." The appellant's self-induced susceptibility to suggestion may have enhanced his willingness to reach out for the carrot of flattery dangled by the officer, but it does not transform the words, even interpretatively, into an overbearing inducement of an offer of reward or threat of harm that could elicit the involuntary confession. The confession was not inadmissible merely because he may have been susceptible to suggestion due to the influence of self-administered narcotics, *Bryant v. State,* 229 Md. 531, 535-536 (1962), although it is a factor to consider. *Hopkins v. State,* 19 Md. App. at 423.

It follows that we are equally unconvinced by appellant's alternative argument that the narcotic drugs from which he claims intoxication made it impossible for him intelligently

---

2. The accused was a 23 year old white male of average intelligence, having completed a high school education and taken at least one informal class at the area Community College.

and voluntarily to waive his *Miranda* rights. Under the two step, voluntariness process, deciding this mixed question of law and fact, *Dempsey v. State,* 277 Md. 134, 143-146 (1976), the trial judge saw and heard the testimony of the witnesses who testified before him and could weigh the credibility of their testimony. He was not compelled to believe that appellant's state of sobriety was such as to preclude the voluntary nature of the statement, *Bryant v. State,* 229 Md. at 536, or the waiver of *Miranda* rights. Despite the expert's hypothesized opinion, neither the judge nor the jury was bound by the factual predicate upon which the opinion was based. Nor were they bound by his opinion of the narcotic's effects, even if they believed the amount allegedly imbibed.[3]

It is the actual condition of the accused which is the consideration, see *Bryant* and *Hopkins, supra,* rather than what an expert said it might — or even ought to — have been; and the judge stated that appellant's apprehensive conduct was not inconsistent with a knowing and an alert accused. The circumstances of this case, as reflected by our independent review of the record, do not indicate that the appellant was incapable of giving a voluntary confession. *Pharr v. State,* 36 Md. App. 615, 626-627 (1977).[4]

— it takes one to know one —

While not contending that *Miranda* rights were not given, appellant does argue that he could not have effectively

---

3. At the hearing on the motion to suppress, the judge expressly rejected "the underlying premises of the good doctor" who the judge believed "overspoke himself and didn't dare retreat from his original premise."

4. We cannot help but note before passing this issue, that appellant's elliptic quotation from Townsend v. Sain, 372 U. S. 293 (1963), was quite misleading. We hope that was not intentionally so. The quote was set forth in the context of appellant's drug intoxication argument and it reads:

" 'An accused's confession is inadmissible where it is the product of physical intimidation or psychological pressure, or where it is induced by a drug ... ' ".

The *Townsend* reference to a confession "induced by a drug" obviously related to drugs administered by law enforcement officials, but appellant left the contrary impression without explanation by elliptically ending the quote set forth in a different context. We would also note that the language quoted is not a direct quote from the opinion.

648

waived his rights under *Miranda* (including his right to an attorney), without an attorney's advice at the time. The facial spuriousness of this "Catch 22" contention compels us to decline dignifying it with a response. This argument was not raised below and, because of its constitutional ramifications, we decline to hold that its preservation for appeal was effected by a general objection to admissibility of the confession. *See Vuitch v. State,* 10 Md. App. 389, 397-398 (1970).

— order of proof —

The final question is one to which we again found the answer in the record. After the State had closed its case, it learned that appellant had improperly attempted to dissuade a witness from testifying. Two defense witnesses, including appellant himself, had already testified. The State moved to reopen its case and the judge decided to grant the motion *at that time* because the testimony was relevant to appellant's credibility, and since he had recently concluded his testimony, it would be pertinent to the manner in which the jury received that testimony. Appellant "does not quarrel with the right of Judge Childs to exercise his discretion and to vary the order of proof." *See Mays v. State,* 283 Md. 548, 555 (1978); *State v. Hepple,* 279 Md. 265, 273-274 (1977). He does, however, "feel the proper course of action should have been to allow the State to open its case at the conclusion of, rather than during, the presentation of the defense's case in chief so as not to *prejudice* the Appellant." (emphasis added). But therein lies the answer. Despite the askance with which we view the interruption of appellant's case, there is no evidence in the record to indicate that appellant was *improperly* prejudiced. Any testimony indicative of guilt is, of course, prejudicial; however, there is not a scintilla of improper prejudice nor of improper judicial motivation indicated in the record nor alleged upon appeal. The discretion, if somewhat questionably exercised, was not abused.

*Judgment affirmed.*
*Costs to be paid by appellant.*