DRESBACH *v.* STATE

[No. 265, September Term, 1961.]

*Decided April 26, 1962.*

452

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and MARBURY, JJ.

*Marshall A. Levin,* with whom was *Harry O. Levin* on the brief, for appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, C. Osborne Duvall* and *John A. Blondell, State's Attorney* and *Assistant State's Attorney,* respectively, for Anne Arundel County, on the brief, for appellee.

PER CURIAM.

Ralph Wayne Dresbach, the appellant, was sentenced to life imprisonment in the Maryland Penitentiary upon a judgment entered after a verdict by a jury in the Circuit Court for Anne Arundel County, Maryland, for the slaying of his father.

On this appeal from the judgment and sentence he presents the sole question, did the trial judge commit reversible error in his remarks during the trial when ruling upon objection made by the State's Attorney. The claim of prejudicial error resulted from the following colloquy:

> "Mr. Goodman (Defense trial counsel): Q. What else did you think about? How did your father treat your mother? A. He beat her all the time.
>
> Mr. Duvall (State's Attorney): I'll object to leading. Mr. Goodman first asked him what else he thought about and then suggested an area for him to testify.
>
> Mr. Goodman: This is a little child, 15 years of age. I want the jury to get the background of his experiences at home, I think that's important.
>
> Mr. Duvall: I realize that, I've been very liberal."

It was at this point that Judge Michaelson said:

> "I don't like to say this, you have a two way sword, he killed his mother he didn't protect his mother. All the testimony about the mother and father

did I don't think is relevant at all. If he favored one in preference to the other it might have some bearing on it."

No exception or objection was taken at the time of the court's remark so that the question is not properly before us for review. Rule 885, *Daniels v. State,* 213 Md. 90, 105, 131 A. 2d 267; *Bryant v. State,* 207 Md. 565, 585, 115 A. 2d 502; *Brown v. State,* 203 Md. 126, 100 A. 2d 7. If the accused desired to complain of an alleged impropriety of a remark made by the court at his trial he should have either moved to strike it out, or moved to withdraw a juror and declare a mistrial. *Daniels v. State, Bryant v. State,* and *Brown v. State,* all *supra.*

Even if the matter was properly before us a different result would not follow. It is undoubtedly true that a trial judge because of his authoritative position should be exceedingly careful in any remarks made by him during the progress of the trial in ruling on evidence or prayers, to refrain either directly or indirectly from expressing an opinion on facts which should properly be left to the province of the jury. *Marino v. State,* 171 Md. 104, 110, 187 Atl. 858. However, the admissibility of evidence offered frequently depends upon the evidence already introduced; and it is not unusual for the court to allude to such evidence to make his meaning clear in order to eliminate possible confusion in the minds of the jury. Here, the record discloses that the comments of the trial judge were made after the appellant's confession had been admitted in evidence and after the appellant had testified that he shot his parents. Moreover, the jury was instructed that they were the judges of the law and the facts, and were given the usual instruction as to the burden of proof. A review of the record satisfies us that the actions and statements of the learned trial judge did not prejudice the jury against the appellant so as to deprive him of a fair and impartial trial. *Bryant v. State, supra.*

*Judgment affirmed.*