VANDEGRIFT *v.* STATE

[No. 127, September Term, 1964.]

306

*Decided January 8, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*John W. Pfeifer,* with whom was *Robert V. Lazzaro* on the brief, for the appellant.

*Robert J. Martineau, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Walter M. Baker, State's Attorney for Cecil County,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Richard Allen Vandegrift, was convicted of assault and battery by a jury in the Circuit Court for Cecil County and was sentenced to five years in the House of Correction. On this appeal he raises two contentions which relate to the conduct of the trial, and thus we need allude only briefly to the circumstances of the offense.

According to the testimony of the complaining witness, a man in his fifties, he was assaulted and beaten by several young men, including the appellant, in the early morning hours of January 18, 1964, across the street from a tavern near Elkton, Maryland. He stated that when he approached his automobile, after leaving the tavern, he found approximately nine persons in and around it waiting to be driven back to Elkton and that when he told them to get out of his car some of the young men present, including the appellant, grabbed him and beat him, causing severe injuries to his back and arm. This testimony was corroborated by several other witnesses.

The appellant first contends that he was prejudiced by the actions of the State's Attorney in calling to the witness stand several codefendants who had not as yet been tried, knowing that they would refuse to testify on the ground of self-incrimination, which they did, and then making remarks thereon in the presence of the jury. The attorney for the appellant (who is not counsel on this appeal) did not object to the actions of the State's Attorney at the time; moreover, he did not ask that the jury be instructed to disregard the actions, or move for a mistrial, and therefore the question was not preserved for review. *Brown v. State,* 220 Md. 29, 39, 150 A. 2d 895 (1959). However, since the judgment must be reversed for another reason, and the case retried, we shall state our views as to the incidents.

The appellant had been indicted along with three other men for the same assault and battery. The appellant obtained a severance and was tried first. In addition to the appellant's counsel, the attorneys for each of the other defendants were present at the appellant's trial. When the State called to the stand the first of the codefendants, Danny L. Bennett, who was in the courtroom, his counsel objected to his being called as a witness and then stated, "He [the prosecutor] can ask him his name and where he lives. I will object to anything else he asks." The witness was then sworn and stated his name, address and age. The next question related to the crime charged and the witness' counsel objected and instructed his client not to answer. The court then apprised the witness of his privilege against self-incrimination, stating that he could refuse "to answer any questions from here on in." (Although we are not deciding whether the trial judge was in error in so informing the witness, it should be noted that ordinarily a witness must assert his claim of privilege after each question is asked, for usually only then can the trial court determine whether an answer might be incriminatory. See *Royal v. State,* 236 Md. 443, 447, 204 A. 2d 500, 502 (1964)). Bennett then refused to testify. The State's Attorney commented: "I expected as much, your Honor", and called another codefendant, John D. Elmer (who was then in jail). At this point counsel for Bennett said "You will get the same treatment", to which the State's At-

torney replied, "The jury will see it all, Mr. Evans." The trial judge then told the State's Attorney, "Just keep your remarks to yourself, because these men haven't been tried yet." The court made no comment to the jury. The defendant Elmer was not actually brought to the courtroom. The State then called the remaining codefendant, Richard W. Davis, as a witness. After being sworn Davis stated his name, address and age. The next question related to the crime charged and was objected to by the witness' counsel. The court informed Davis of his privilege against self-incrimination, to which the witness replied: "I was advised by my counsel." The court asked, "You take the Fifth Amendment?", and after answering "Yes, sir.", the witness was excused.

While, fortunately, we have not previously been called upon to consider the situation here complained of, courts in other jurisdictions have had occasion to deal with it. The case most heavily relied on by the appellant is *DeGesualdo v. People*, 364 P. 2d 374 (Colo. 1961). In that case the Supreme Court of Colorado held that the calling of an accomplice or coconspirator as a witness under circumstances quite similar to those involved here was prejudicial error. The court stated (at p. 376): "It is apparent that the district attorney could not have possibly entertained a good faith belief that * * * [the witness] would testify if called and thus the inference is that this was a studied attempt to bring to the attention of the jury his refusal to testify and his claim of the 'Fifth Amendment.' " This case is annotated in 86 A.L.R. 2d 1443, where the commentator in summarizing the decisions on this question lists five requirements for a court's finding of prejudicial error (pp. 1444-1445):

> "1. that the witness appears to have been so closely implicated in the defendant's alleged criminal activities that the invocation by the witness of a claim of privilege when asked a relevant question tending to establish the offense charged will create an inference of the witness' complicity, which will, in turn, prejudice the defendant in the eyes of the jury;
> "2. that the prosecutor knew in advance or had reason to anticipate that the witness would claim his priv-

ilege, or had no reasonable basis for expecting him to waive it, and therefore, called him in bad faith and for an improper purpose;

"3. that the witness had a right to invoke his privilege;

"4. that defense counsel made timely objection and took exception to the prosecutor's misconduct; and

"5. that the trial court refused or failed to cure the error by an appropriate instruction or admonition to the jury."

In the case before us there can be little doubt that the first requirement is satisfied. The witnesses were codefendants with the appellant, their names had been mentioned previously during the testimony of the complaining witness in relation to the circumstances of the crime charged and they were asked a question relevant to the offense. As to number 2, we believe the record shows that the State's Attorney did not act in good faith. It is obvious that the only inference to be drawn from his comments is that he knew the witnesses would not answer his questions concerning the crime. The third requirement is easily satisfied since the witnesses were codefendants awaiting trial. Number 4 is not satisfied here, as we have noted earlier. The last requisite set forth is satisfied. The only comment made by the court was directed to the State's Attorney, not the jury.

For other decisions similar to that in the *DeGesualdo* case, see the above mentioned annotation in 86 A.L.R. 2d, beginning at p. 1446; see also *United States v. Maloney,* 262 F. 2d 535 (2 Cir. 1959), and cf. *Namet v. United States,* 373 U. S. 179 (1963).

It is manifest that the actions of the prosecutor in the case before us were prejudicial. However, we desire to make it clear that we do not mean to intimate that a State's Attorney is precluded from calling as a witness a codefendant in proper circumstances, nor do we intend to imply that when such a witness claims his privilege against self-incrimination prejudicial error necessarily results. The test is whether the State's Attorney calls the witness for the effect of the claim of privilege on the jury. Further, it should be noted that in a proper case a

cautionary instruction by the trial judge to the jury might cure any error.

The appellant's remaining complaint is that the trial judge by "cross-examining" a defense witness, one Nadolski, in such manner as to indicate his disbelief in the witness' testimony prejudiced his case. After an analysis of the record relating to the testimony of the witness we are forced to conclude that the manner of the questioning by the trial judge amounted to prejudicial error. The judge asked many questions of the witness which taken as a whole or even individually amounted to a manifestation of his disbelief of the witness, which we must presume influenced the jury, whose function it was as the triers of the facts to determine the credibility of the witnesses. Without reviewing all the testimony the following instances are illustrative:

> "By the Court: * * *
> "Q. Do you know the bartender, Richard Dodson?
> A. No, sir.
> "Q. You don't know him? A. No, I don't know him personally. I know—
> "(The Court) Bring Mr. Dodson in here a moment, please.
> "By the Court:
> "Now, I want to tell you that you are under oath. Do you understand that? A. Yes, sir.
> "Q. And do you realize that you are subject to punishment, I mean subject to indictment for perjury if you don't tell the truth? A. Yes, sir."

And later in the testimony:

> "By the Court:
> "Q. And you persist in saying that you didn't see Mr. Hill thrown to the ground twice? A. Yes, sir.
> "Q. And you didn't see this accused person jump on his back? A. No, sir.
> "Q. And you were there all the time? A. Yes, sir."

At the conclusion of the witness' testimony the trial judge excused the jury and directed the State's Attorney to get a bench warrant charging the witness with perjury. The judge

then ordered the witness off the stand and set his bail at $5,000. Counsel for Vandegrift moved for a mistrial, which was denied. The motion properly preserved the appellant's contention on appeal. *Bryant v. State,* 207 Md. 565, 585, 115 A. 2d 502 (1955).

The questioning by the trial judge showing his disbelief of the witness' testimony was beyond the line of impartiality over which a judge must not step. *Brown v. State, supra* (at p. 39 of 220 Md.); *Newton v. State,* 147 Md. 71, 87-88, 127 A. 2d 123 (1924); cf. *Bryant v. State, supra,* and *Woodell v. State,* 223 Md. 89, 162 A. 2d 468 (1960).

> *Judgment reversed and case remanded for a new trial; costs to be paid by Cecil County.*