**Earl CANTRELL, Petitioner,**

v.

**E. L. MAXWELL, Warden, et al.,
Respondents.**

**Civ. A. 67–156.**

United States District Court
S. D. Ohio, E. D.

April 28, 1969.

Bruce A. Campbell, Columbus, Ohio, for petitioner.

Paul W. Brown, Atty. Gen., State of Ohio, and Leo J. Conway, Asst. Atty. Gen., for respondents.

## OPINION AND ORDER

KINNEARY, District Judge.

Petitioner, a state prisoner, has brought this action for habeas corpus under the provisions of Title 28, United States Code, Section 2241. Respondent has filed a return of writ and this matter has been submitted to the Court on the pleadings and memoranda filed in this

action, along with a copy of the transcript from the trial court. A hearing under the doctrine of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), was not held because the present disposition of this action revolves purely on a legal issue. See Barker v. Ohio, 330 F.2d 594 (6th Cir. 1964).

The original petition in this case raises several questions, each of which it is alleged has resulted in the deprivation of some constitutional right of the petitioner. Briefly, these questions relate to, (1) incriminating statements allegedly involuntarily made, (2) excessive and prejudicial pretrial publicity, (3) illegal impanelling of the grand jury, (4) invalid indictment, and, (5) inadequate post conviction proceedings.

The uncontested facts which gave rise to the state criminal proceedings are essentially as follows: On Sunday, August 16, 1959, the petitioner Cantrell became involved with one Kenny Angell concerning the relative racing merits of their respective cars. A drag race ensued in which the petitioner won Five Dollars ($5.00) from Angell. Later, in the evening of the same day, a second drag race was held and this time the petitioner lost, allegedly because he had run out of gas. Angell and Cantrell then became involved in a fist fight in which it appears the petitioner came out second best. Angered by the infliction of this beating, the petitioner drove to his house, picked up a rifle and some ammunition, and returned to the scene of the fight and allegedly shot Angell.

Within minutes, Deputy Sheriff Chleo Wiltshire, with whom the petitioner was acquainted, arrived on the scene and arrested Cantrell. Shortly thereafter, while seated in Wiltshire's patrol car, the petitioner confessed to the crime.

This confession was not reduced to writing, although at a later date a second written statement was given by Cantrell. It is the circumstances of the admission of this first confession at the petitioner's trial which is the subject of present judicial inquiry.

The trial record is quite clear as to the procedure followed by the trial judge in admitting this first confession. A relevant part of the transcript reads as follows:

Q. Did you [Officer Wiltshire] have any conversation with the defendant Earl Cantrell in your cruiser?

A. I did.

Q. Will you relate to the jury what conversation you had at that time?

A. I asked him why he—

MR. SMITH: I object to the conversation.

THE COURT: With Earl Cantrell?

MR. LITTLETON: On the grounds the evidence so far has shown this fellow was in a condition that conversation wouldn't be admissable.

THE COURT: His conversation with Mr. Cantrell would be admissable. Overruled.

DEFENDANT'S EXCEPTIONS NOTED.

Q. You may proceed.

A. I knew Mr. Cantrell, have known him for some time, and I asked him, I said "Earl, what in the world happened?" And he told me that Kenny Angell had welched on a bet with him. They had a race and he had welched on a bet and they got in a fight and Kenny Angell beat his head against the sidewalk and he wasn't going to take it. I said, "Where in the world did you get the gun?" And Earl told me he had the gun in the rear of the car and drove to his home and got the shells, at Franklin Furnace. I said, "You drove that far and didn't have time to cool off?" He said it didn't take long. He was up there and back in five minutes. I said, "You drove to Franklin Furnace and back in five minutes?" He said, "Yes, that car of mine will

really go and I know how to drive it." He told me the speedometer would wedge against the pin at 120 miles an hour and would still go faster. Said, "It didn't take me much over five minutes to get up there and back."

■ The Supreme Court, in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), has established certain mandatory procedural guidelines for the admission of a confession in a criminal case. There is little doubt that a full and fair hearing on the issue of involuntariness must be held out of the presence of the triers of guilt or innocence and a reliable and independent determination made thereon. Jackson, *supra*, 376 U.S. at 376–391, 84 S.Ct. 1774. See also United States ex rel. Spears v. Rundle, 268 F. Supp. 691 (E.D.Pa.1967); Boles v. Stevenson, 379 U.S. 43, 45, 46, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964); Stewart v. Stephens, 244 F.Supp. 982 (E.D.Ark.1965); and United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951).

■ The record in this case clearly reveals that no such prior determination, after a full and fair hearing, was made by the trial judge. Counsel for Cantrell had no opportunity to adduce testimony relating to the reasons he felt this oral confession may not have been voluntary. And in light of the fact that there is evidence on the record that would tend to show that Cantrell had been drinking heavily, was subject to epileptic seizures, and had recently suffered a rather severe physical beating, there is some substantive ground for believing the petitioner's claim of involuntariness.

■■ This Court is fully aware that prior to the admission of the *written* confession the trial judge more closely followed *Jackson* standards by excusing the jury and holding a hearing on the issue of voluntariness. However, there may very well be facts which relate to the oral confession which were not adequately developed at this hearing on the written confession and which may cause the trial judge to determine that the oral confession was not voluntary. The petitioner should be given the opportunity to develop these facts and the proper forum is the state court, not the federal habeas corpus court. Mitchell v. Stephens, 353 F.2d 129, 142 (8th Cir. 1965).

■ The Court is also aware that in a postconviction remedy proceeding under Section 2953.21 of the Ohio Revised Code, the petitioner raised the question of voluntariness of the confession and it was determined adversely to him. Two factors prompt this Court not to consider the determination in the postconviction remedy proceeding as satisfying *Jackson* standards: (1) the petitioner was not represented by counsel in the postconviction proceeding and thus it is doubtful whether the hearing was "full and fair" as contemplated by *Jackson*, and, (2) the opinion of the Court of Common Pleas of Scioto County seems to indicate that only the written confession was under consideration.

■ The Court now turns to the question of what disposition should be made of this petition in view of the foregoing discussion. The Supreme Court in *Jackson*, supra, 378 U.S. at 391–396, 84 S.Ct. 1774, remanded the case to the trial court to allow the state to hold a hearing on the voluntariness issue.

> \* \* \* we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary. *Jackson, supra*, 378 U.S. at 395–396, 84 S.Ct. at 1791.

This procedure has been recognized by other courts. See United States ex rel. Dickerson v. Rundle, 238 F.Supp. 218, 220 (E.D.Pa.1965). Reversal of the conviction is not necessary at the present time because the petitioner could only be prejudiced if the trial judge, after the hearing, was not satisfied that the confession was voluntarily made. See *Jackson, supra*, 378 U.S. at 395, 84 S.Ct. 1774 and *Dickerson, supra*, 238 F.Supp. at 220.

This Court finds that the petitioner's case should be remanded to the state trial court so that a full and fair hearing can be held on the voluntariness of the oral confession.

■ There may be some question as to whether the fact that the trial judge determined the admissibility of the oral confession in front of the jury caused sufficient prejudice in the petitioner's trial to require a reversal, rather than a remand. See United States ex rel. Pierce v. Pinto, 259 F.Supp. 729 (D.C.N.J.1966) and Trotter v. Stephens, 241 F.Supp. 33, 47 (E.D.Ark.1965). This Court finds that while it might have been the better practice for the trial judge to make his finding of admissibility outside the presence of the jury, see Jackson v. Denno, 378 U.S. 368, 404 n. 7, 84 S.Ct. 1774, 12 L. Ed.2d 908 (1963) (Black, J. dissenting), there was no error of constitutional dimension in this case resulting from the statement of the trial judge that Officer Wiltshire's conversation with Mr. Cantrell "would be admissable." See State v. Smith, 32 N.J. 501, 161 A.2d 520, 545–546 (1960).

Accordingly, it is ordered that the petitioner be remanded to the Common Pleas Court of Scioto County, to afford the State of Ohio an opportunity to allow the trial court to make an independent determination, after a full and fair hearing, of the voluntariness of the petitioner's oral confession, or in the alternative to grant to the petitioner a new trial.

It is further ordered that if the State of Ohio fails to provide the above relief within sixty days after the filing of the Order, this Court will entertain a motion on behalf of the petitioner for further consideration and relief by this Court.

In view of the foregoing determination of the petitioner's cause, the Court determines that it should abstain from further consideration of the remaining questions raised in the petition and retain this cause awaiting state court proceedings in accordance with this opinion. Accordingly, it is ordered that determination of the merits of all other remaining questions will be withheld until the state court acts in compliance with the directives of this opinion.