# DEMPSEY *v.* STATE OF MARYLAND

[No. 21, September Term, 1975.]

*Decided March 3, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Victoria A. Salner, Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Geraldine Kenney Sweeney, Assistant Public Defender,* on the brief, for appellant.

*Albert Gallatin Warfield, III, Assistant Attorney General,*

with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In the course of petitioner Dempsey's trial on charges of breaking and entering and grand larceny, the State offered in evidence Dempsey's alleged confession admitting the commission of the crimes, and Dempsey objected on the ground that the statement was not voluntary. The trial judge then conducted a hearing on the voluntariness of the confession out of the jury's presence. After the hearing, the trial judge instructed the jury that during its absence the court had heard testimony concerning the voluntary nature of a statement allegedly made by Dempsey, that the jury would hear the same testimony, that the court "has found by a preponderance of the evidence that the statement was voluntary" and that "it was a voluntary statement in every regard." The court went on to tell the jury that the ultimate determination of voluntariness was for the jury, and that if the jury found that Dempsey's statement was voluntary and should be believed, then the jury should give the statement whatever weight it deserved. The question before us is whether, under the circumstances of this case, the portion of the trial judge's instruction concerning the court's finding of voluntariness constituted reversible error. We held that reversible error was committed, and that Dempsey is therefore entitled to a new trial.

Pursuant to Maryland Rule 828 g, the parties have submitted this case upon an agreed statement of facts which, with a few minor wording changes not affecting substance, is as follows:

"In the early morning hours of November 10, 1973, (a Saturday), a Cambridge, Maryland bar known as the Lantern Inn was broken into and beer, cigarettes and coins were taken. On the

following Monday petitioner Michael Dempsey was approached by Cambridge City policeman Wilson Majors with regard to the break-in and theft, and Dempsey accompanied Officer Majors to police headquarters where he allegedly gave a written statement admitting his guilt in the crimes. This confession was used against Dempsey at trial. The only other evidence at trial tending to link Dempsey with the crimes was the fact that nine rolls of coins and some beer cans of the same brand that had been taken from the Lantern Inn were found in Dempsey's hotel room.

"Before allowing the State to mention the confession, the trial court dismissed the jury, conducted a hearing on the issue of voluntariness, and determined that the statement was admissible. When the jury returned, the court gave the following instruction:

'Mr. Thomas and ladies and gentlemen, while you were not in the courtroom the Court heard testimony relating to the voluntary nature of a statement allegedly made by the defendant. You will hear the same testimony that the Court heard. The Court has found by a preponderance of the evidence that the statement was voluntarily made after proper warnings and that it was a voluntary statement in every regard. Now the same evidence will be given to you, and you will have the ultimate determination of deciding whether the statement was voluntary and whether it should be believed, and, of course, you make that determination beyond a reasonable doubt. If you find that it was voluntary, that it should be believed, then you give it the weight that you think it deserves, as you do any other evidence.'

There was no objection to this instruction. Evidence

on voluntariness was then presented to the jury and the confession was introduced.

"The State's evidence consisted of testimony from Officer Majors and from Dianna Webster, secretary for the Cambridge City Police Department.

"Officer Majors testified that on Monday he had gone to the Cambridge Hotel, where Dempsey was staying, and had told Dempsey that he was suspected of having broken into the Lantern Inn. Dempsey had been drinking and his hotel room contained a number of full and empty beer cans; however, it did not appear to Majors that he was intoxicated. Majors asked Dempsey to come to police headquarters for questioning and Dempsey consented. Dempsey finished one beer, then picked up another beer and drank it on the way to the station. Upon arrival Majors gave Dempsey the *Miranda* warnings [*Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966)], which Dempsey said he understood, and Dempsey signed a waiver of rights form. Dempsey was not threatened or offered any inducements, and he answered questions straightforwardly and voluntarily.

"Dianna Webster testified that she was present in the room when Officer Majors read the *Miranda* warnings to Dempsey. She saw Dempsey sign both the waiver form and the subsequent statement. He appeared normal, appeared to understand his rights, and did not indicate in any way that he didn't know what he was doing. Mrs. Webster further testified that Dempsey had not been threatened or induced and that the statement seemed to her to be purely voluntary. She also stated that as Dempsey signed his statement he said, 'You realize I'm signing my life away.'

"The evidence presented by the defense consisted

of testimony from Dempsey and from his wife, Lynn Dempsey.

"Michael Dempsey testified that he had a drinking problem and had been drinking continuously, with intermittent sleep, for two days prior to Officer Majors's arrival at his hotel room. Dempsey remembered accompanying Officer Majors to police headquarters but could not remember what he and Majors talked about. He also could not remember whether Majors read any warnings to him, or whether he signed a waiver of rights form. Dempsey said he was not denying that he signed the form, but the name on the form was not his normal signature. He further testified that his excessive drinking caused him to have 'blackout spells,' which accounted for his hazy memory about the events at the police station.

"Lynn Dempsey testified that she was with Michael Dempsey, her husband, in his hotel room from about 1:00 p.m. on Saturday until Officer Majors's arrival the following Monday, and that her husband had been drinking steadily, without eating, for the entire two days. She said that her husband was awake and drinking when she woke up on Monday morning and that he was drunk when he and Majors left the hotel room. Although Michael Dempsey wasn't staggering, his eyes were bloodshot and he was in a careless, happy mood. Mrs. Dempsey said further that she did not think her husband really understood what Officer Majors was talking about and that it seemed to her as if he thought Majors was 'putting him on.'

"Following introduction of the confession, the State rested, closing arguments were heard and the trial court instructed the jury. The court defined 'reasonable doubt' and told the jury that each element of the offense must be proved beyond a reasonable doubt. However, no further mention of the confession or of the jury's task with regard to

the confession was made. The jury deliberated for ten minutes and returned a verdict of guilty to both counts."

Upon Dempsey's appeal, the Court of Special Appeals, with one judge dissenting, affirmed. *Dempsey v. State*, 24 Md. App. 8, 330 A. 2d 204 (1974). The majority of the Court of Special Appeals first pointed out that Dempsey had neither objected to the jury instruction concerning the voluntariness of the confession nor moved to strike it nor requested a clarifying instruction, and that therefore the court would not ordinarily consider the matter on appeal. Nevertheless, the court decided in this case to consider the merits of the instruction under the plain error doctrine. The Court of Special Appeals went on to hold that the procedure followed by the trial judge was improper, and that where trial courts conclude after a hearing out of the jury's presence that a statement of the accused was voluntary, the court's decision "should be placed upon the record out of the presence of the jury without comment in their presence beyond the overruling of objection to its admission." However, the majority of the Court of Special Appeals held that the error was harmless because "there was no credible evidence refuting or contradicting testimony that ... the statement of the accused was freely and voluntarily given," and thus the jurors would not likely have reached a different conclusion if the trial judge's view as to voluntariness had not been made known to them. Judge Davidson, in a dissenting opinion, disagreed with the majority holding that the error was harmless. Judge Davidson was of the view that there was evidence of Dempsey's mental incapacitation by alcohol which, if believed by the jury, would have been sufficient for the jury to have concluded that Dempsey's confession was involuntary. This Court thereafter granted Dempsey's petition for a writ of certiorari. No cross-petition was filed by the State.

In this Court, Dempsey of course agrees with the majority below that the trial court's instruction concerning the voluntariness of the confession was improper; the thrust of

his argument is that the error was harmful and thus denied him a fair trial. The State, on the other hand, advances essentially three arguments for affirmance of the decision below: (1) since Dempsey did not object to the challenged instruction, the matter is not reviewable on appeal, and the instruction, even if erroneous, was "not so blatantly prejudicial as to give rise to the invocation of the 'plain error' doctrine" ; (2) the instruction was not erroneous; and (3) assuming arguendo that the instruction would constitute prejudicial error under other circumstances, in the context of this case any error was harmless as held by the Court of Special Appeals.

(1)

*The Failure to Object to the Instruction*

Ordinarily, of course, a question will not be considered on appeal if it has not been presented to the trial court, Maryland Rules 885 and 1085. This principle is reiterated in Rule 756 g specifically with respect to jury instructions in criminal cases:

> "Upon appeal a party assigning error in the instructions may not assign as of right an error unless (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct was distinctly objected to before the jury retired to consider its verdict and (2) the grounds of objection were stated at that time. Ordinarily no other error will be considered by the Court of Appeals or the Court of Special Appeals, but the appellate court, either of its own motion or upon the suggestions of a party may take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to as provided by section f of this Rule."

However, as Rule 756 g makes clear with respect to jury instructions, and as the cases hold with respect to errors of

law generally, an appellate court may in its discretion in an exceptional case take cognizance of plain error even though the matter was not raised in the trial court. *See Berman v. Warden*, 232 Md. 642, 646, 193 A. 2d 551 (1963), where the Court referred to "the inherent power of an appellate court to correct an error *ex mero motu*" ; and *Dimery v. State*, 274 Md. 661, 338 A. 2d 56 (1975), where Judge Smith for the Court comprehensively discussed the plain error doctrine. *See also, e.g., Rowe v. State*, 234 Md. 295, 302, 199 A. 2d 785 (1964); *Wolfe v. State*, 218 Md. 449, 455, 146 A. 2d 856 (1958). Consequently, the State's first argument amounts to a contention that the Court of Special Appeals abused its discretion in invoking the plain error doctrine in this case.

Dempsey's petition for a writ of certiorari encompassed both the issue of whether the jury instruction on voluntariness was error and the issue of whether such error was harmless. The petition did not, obviously, question the invocation of the plain error doctrine by the Court of Special Appeals. The State filed no answer to the petition as authorized by Rule 811 b and filed no cross-petition pursuant to Rule 812 b. With regard to such failure to file a cross-petition, this Court stated in *Walston v. Sun Cab Co.*, 267 Md. 559, 569, 298 A. 2d 391 (1973):

> " . . . except in most extraordinary circumstances, we will consider on an appeal resulting from a grant of a writ of certiorari only those questions raised in the petition and matters relevant to those questions, in the absence of a cross-petition raising additional questions . . . ."

*See also McMorris v. State*, 277 Md. 62, 70-71 n. 4, 355 A. 2d 438 (1976). No "extraordinary circumstances" are present in this case which might justify our going beyond the questions raised in the petition for a writ of certiorari.

If the State believed that Dempsey's failure at the trial to object to the instruction furnished a sound basis for this Court to decline review of Dempsey's conviction, even though this was not the ground for the Court of Special Appeals' affirmance, the State should have filed an answer

to the petition for a writ of certiorari raising the issue. Rule 811 b authorizes the filing of an answer to the petition "disclosing *any* matters or grounds why the writ should be denied." (Emphasis supplied.) On the other hand, if the State believed that we should review the Court of Special Appeals' invocation of the plain error doctrine if we granted Dempsey's petition, the State should have filed a conditional cross-petition for a writ of certiorari.

Moreover, not only did the State fail to raise in a timely fashion the matter of the Court of Special Appeals' taking cognizance of the jury instruction under the plain error doctrine, but the issue was not embraced in our order granting the writ of certiorari. Where this Court's order granting certiorari limits the issues to be considered, no additional questions will ordinarily be dealt with even if such additional questions were raised in the petition or in a cross-petition. *Walston v. Sun Cab Co., supra,* 267 Md. at 569; *McMorris v. State, supra,* 277 Md. at 70-71.

For two separate reasons, therefore, the State may not now claim that the Court of Special Appeals abused its discretion in taking cognizance of the jury instruction under the plain error doctrine. As the issue was not raised in a cross-petition, and as it was not encompassed in our order granting certiorari, we shall not consider it.

(2)

*The Propriety of the Jury Instruction*
*Concerning the Voluntariness of the Confession*

The two-step procedure in Maryland regarding the admission of confessions, with the trial judge initially determining voluntariness out of the jury's presence, admitting the confession into evidence only if he finds it to be voluntary, and the jury then making the final decision on voluntariness, has been explained many times by this Court. In *Day v. State,* 196 Md. 384, 399, 76 A. 2d 729 (1950), Chief Judge Marbury stated for the Court:

"The practice in this State, approved in many cases, is that the court first hears evidence without

the jury to determine whether a confession is voluntary and should be admitted. If it decides to admit it, the same evidence is then given to the jury, as it has the final determination, irrespective of the court's preliminary decision, whether or not the confession is voluntary, and whether it should be believed. In so doing, the jury is entitled to have before it all of the evidence which affects the voluntary character of the document, and which the court passed upon in admitting it."

More recently, Judge Digges writing for the Court in *Gill v. State*, 265 Md. 350, 357-358, 289 A. 2d 575 (1972), reviewed the Maryland procedure for determining the voluntariness of confessions:

"The question of the voluntary nature of a confession is initially decided by the trial judge and involves a mixed question of law and fact. If the judge receives it in evidence, its admission then becomes prima facie proof that the statement was freely and voluntarily given. Once received, the evidence pertaining to the admissibility of the confession, which was first heard by the judge, is then submitted to the jury for its ultimate consideration. . . . Despite the fact that the accused's statement is received in evidence, if, from all the testimony in the case, the jury is not satisfied beyond a reasonable doubt that it was the free and voluntary expression of the suspect, then they must disregard it in determining his guilt or innocence. Similarly, if they find that the proof shows beyond a reasonable doubt that the accused of his own volition made the confession, then they should consider it, together with all the other evidence, in arriving at a verdict. . . . Consequently, in a jury trial, assuming the confession is received, the evidence concerning its voluntariness is presented twice; first to the judge alone and later with the jury in attendance. Of course, should the

judge initially determine that the confession was involuntary it is never even presented to the jury."

*See* in addition, *e.g.*, *Smith v. State*, 237 Md. 573, 207 A. 2d 493 (1965); *Presley v. State*, 224 Md. 550, 559, 168 A. 2d 510 (1961), *cert. denied*, 368 U. S. 957, 82 S. Ct. 399, 7 L.Ed.2d 389 (1962); *Hall v. State*, 223 Md. 158, 169, 162 A. 2d 751 (1960); *Linkins v. State*, 202 Md. 212, 221-224, 96 A. 2d 246 (1953); *Cox v. State*, 192 Md. 525, 536-537, 64 A. 2d 732 (1949); *Smith v. State*, 189 Md. 596, 603-606, 56 A. 2d 818 (1948); *Jones v. State*, 188 Md. 263, 270, 52 A. 2d 484 (1947); *Peters and Demby v. State*, 187 Md. 7, 15, 48 A. 2d 586 (1946); *McCleary v. State*, 122 Md. 394, 399-400, 89 A. 1100 (1914).

The type of procedure employed in Maryland regarding the admissibility of confessions was held to be consistent with federal constitutional requirements in *Jackson v. Denno*, 378 U. S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964). In that case, the Court invalidated under the Fourteenth Amendment the procedure then employed in New York, where the trial judge could exclude a confession only if in no circumstances could the confession be deemed voluntary, but where the facts were in dispute concerning voluntariness, or reasonable persons could differ over the inferences to be drawn from undisputed facts, the judge was required to admit the confession, with the jury having the sole right to decide its voluntary character, 378 U. S. at 377. The Supreme Court found no infirmity, however, in the so-called "orthodox rule" whereby the judge alone decides the voluntariness of the confession, or the so-called "Massachusetts rule," which is the Maryland procedure, whereby the jury determines voluntariness only after the judge has "fully and independently" ruled that the confession is voluntary, 378 U. S. at 378.[1] *See also*, regarding

---

1. The Supreme Court stated with respect to the type of procedure used in Maryland, Jackson v. Denno, *supra*, 378 U. S. at 378, n. 8:

"We raise no question here concerning the Massachusetts procedure. In jurisdictions following this rule, the judge hears the confession evidence, himself resolves evidentiary conflicts and gives his own answer to the coercion issue, rejecting confessions he

the procedure for determining the voluntariness of confessions, *Lego v. Twomey,* 404 U. S. 477, 92 S. Ct. 619, 30 L.Ed.2d 618 (1972); *Pinto v. Pierce,* 389 U. S. 31, 88 S. Ct. 192, 19 L.Ed.2d 31 (1967); *Sims v. Georgia,* 385 U. S. 538, 87 S. Ct. 639, 17 L.Ed.2d 593 (1967).

While this Court has extensively dealt with the procedure to be utilized by trial courts in deciding whether confessions are voluntary, it has not ruled upon the particular aspect of that procedure involved in this case, namely whether it is proper for the trial judge to tell the jury that he has found the confession to be voluntary.[2] The Court of Special Appeals, however, beginning with its decision in *Barnhart v. State,* 5 Md. App. 222, 246 A. 2d 280 (1968), has consistently held that the trial judge should not inform the jury that he has found the confession to be voluntary. This holding is consistent with rulings in other jurisdictions, and it conforms to the Maryland law generally concerning the

deems involuntary and admitting only those he believes voluntary. It is only the latter confessions that are heard by the jury, which may then, under this procedure, disagree with the judge, find the confession involuntary and ignore it. Given the integrity of the preliminary proceedings before the judge, the Massachusetts procedure does not, in our opinion, pose hazards to the rights of a defendant. While no more will be known about the views of the jury than under the New York rule, the jury does not hear all confessions where there is a fair question of voluntariness, but only those which a judge actually and independently determines to be voluntary, based upon all of the evidence. The judge's consideration of voluntariness is carried out separate and aside from issues of the reliability of the confession and the guilt or innocence of the accused and without regard to the fact the issue may again be raised before the jury if decided against the defendant. The record will show the judge's conclusions in this regard and his findings upon the underlying facts may be express or ascertainable from the record.

"Once the confession is properly found to be voluntary by the judge, reconsideration of this issue by the jury does not, of course, improperly affect the jury's determination of the credibility or probativeness of the confession or its ultimate determination of guilt or innocence."

2. In Robinson v. State, 249 Md. 200, 215-217, 238 A. 2d 875, *cert. denied,* 393 U. S. 928, 89 S. Ct. 259, 21 L.Ed.2d 265 (1968), the Court assumed arguendo that it was improper for the trial court to inform the jury that "in the court's opinion, the evidence established . . . that any statement taken from this defendant was a voluntary one of his own free will." The Court in *Robinson* held that any error in the instruction was not prejudicial because the state's evidence of voluntariness was uncontradicted.

proper scope of the trial judge's comments to the jury upon evidence.

In other jurisdictions following the Massachusetts rule, as well as jurisdictions following the so-called orthodox rule whereby the judge alone rules on the voluntariness of a confession and the jury determines just the credibility and weight to be given to the confession, it is deemed improper for the judge to reveal his finding of voluntariness to the jury. For example, in *Clifton v. United States*, 371 F. 2d 354, 360 (D.C. Cir. 1966), *cert. denied*, 386 U. S. 995, 87 S. Ct. 1312, 18 L.Ed.2d 341 (1967), the court in an opinion by Mr. Chief Justice Burger, then a judge of the United States Court of Appeals for the District of Columbia Circuit, set forth the procedure to be followed in that circuit:

> "If the determination of the District Judge is to submit the confession to the jury, however, he should not indicate that he has made a preliminary decision that it was voluntarily made, but he should specifically instruct that they are not to give any weight to the confession unless *they*, as ultimate fact finders, are satisfied beyond a reasonable doubt on all the evidence that it was voluntarily given by the accused."

In *State v. Walker*, 266 N. C. 269, 145 S.E.2d 833, 836 (1966), the Supreme Court of North Carolina emphasized:

> " 'According to our practice the question whether a confession is voluntary is determined in a preliminary inquiry before the trial judge.' After such preliminary inquiry has been conducted, the approved practice is for the judge, in the absence of the jury, to make findings of fact. These findings are made only for one purpose, namely, to show the basis for the judge's decision as to the admissibility of the proferred testimony. *They are not for consideration by the jury and should not be referred to in the jury's presence.*"

The New Jersey Supreme Court explained the principle as

follows in *State v. Smith,* 32 N. J. 501, 161 A. 2d 520, 545-546 (1960):

> "A trial judge who has decided to permit a confession in evidence should not tell the jury that he finds it to be 'voluntary.' Such may have the potentiality of conveying too much to a lay jury in certain situations. The judge should confine himself to saying that he finds the statement to be admissible."

*See,* in addition, *United States v. Fayette,* 388 F. 2d 728, 736 (2d Cir. 1968); *United States v. Inman,* 352 F. 2d 954, 956 (4th Cir. 1965); *Kagebein v. State,* 254 Ark. 904, 496 S.W.2d 435, 441 (1973); *Duguay v. State,* 240 A. 2d 738, 740 (Me. 1968); *State v. Carter,* 268 N. C. 648, 151 S.E.2d 602, 605 (1966); *State v. Barber,* 268 N. C. 509, 151 S.E.2d 51, 53 (1966); *State v. Yough,* 49 N. J. 587, 231 A. 2d 598, 604 (1967); *State v. Loray,* 41 N. J. 131, 195 A. 2d 289, 292 (1963); *State v. Walker,* 33 N. J. 580, 166 A. 2d 567 (1960); *State v. Seal,* 83 S. D. 455, 160 N.W.2d 643, 647 (1968); *Noe v. Commonwealth,* 207 Va. 849, 153 S.E.2d 248, 250 (1967). The cases also indicate that it is improper for counsel as well to refer to the judge's voluntariness determination in the jury's presence, *United States v. Fayette, supra,* 388 F. 2d at 736; *United States v. Inman, supra,* 352 F. 2d at 956; *Kagebein v. State, supra,* 496 S.W.2d at 441.[3]

The decisions of this Court dealing with trial judges' comments to juries regarding evidence clearly support the

---

**3.** The principle that neither the court nor counsel should disclose to the jury the finding of voluntariness has been applied as a matter of federal or state criminal procedure and not as a constitutional requirement. We are aware of no case holding, and we do not hold, that the rule is mandated by the Federal Constitution. The cases which have expressly considered the matter have held that the rule is not of constitutional dimension, United States v. Fayette, *supra,* 388 F. 2d at 736; Cantrell v. Maxwell, 298 F. Supp. 1061, 1064 (S.D. Ohio 1969); State v. Broxton, 49 N. J. 373, 230 A. 2d 489, 494 (1967). In Pinto v. Pierce, *supra,* 389 U. S. at 33, the trial court had "ruled that the statement was voluntary" in the jury's presence, but the Supreme Court did not discuss this particular aspect of the confession procedure; instead, the issue concerned the judge's hearing the evidence in the jury's presence. *See also* the partly concurring and partly dissenting opinion of Mr. Justice Black in Jackson v. Denno, *supra,* 378 U. S. at 404, n. 7.

principle that the judge should not reveal to the jury his opinion that the defendant's confession is voluntary. In *United Rys. Co. v. Carneal*, 110 Md. 211, 232-233, 72 A. 771 (1909), and later in *Marino v. State*, 171 Md. 104, 110, 187 A. 858 (1936) and *Elmer v. State*, 239 Md. 1, 10-11, 209 A. 2d 776 (1965), this Court stated:

> " . . . [I]t is undoubtedly true that a trial Judge, because of his high and authoritative position, should be exceedingly careful in any remarks made by him during the progress of a trial, either in passing upon evidence or ruling upon prayers, and should carefully refrain, either directly or indirectly, from giving expression to an opinion upon the existence or not of any fact, which should be left to the finding of the jury . . . ."

The principle was applied in *Elmer v. State, supra; Vandegrift v. State*, 237 Md. 305, 311, 206 A. 2d 250 (1965); and *Newton v. State*, 147 Md. 71, 87-88, 127 A. 123 (1924), to hold that comments by the trial judge reflecting upon the credibility of witnesses constituted reversible error. In *Coffin v. Brown*, 94 Md. 190, 202-203, 50 A. 567 (1901), this Court, in holding that a trial judge committed reversible error when, in admitting a document into evidence, he commented to the jury upon the effect of that document, stated in language which is particularly appropriate here (94 Md. at 203):

> "We are aware that it is sometimes difficult for the Court to assign reasons for its rulings without saying something that may unintentionally affect the jury. But if a judge makes a statement which shows his opinion of a question of fact which the jury is to pass on, it is very apt to make an impression on some, if not all, of the jurors and great care should be exercised to avoid it. In this case, although it was doubtless altogether unintentional on the part of the learned Judge who presided below, we are convinced that what he said

was liable to influence the jury on an important question of fact, and hence it was error for him to make such a statement."

*See also Dresbach v. State,* 228 Md. 451, 453, 180 A. 2d 299 (1962); *Dairy Corporation v. Brown,* 169 Md. 257, 268, 181 A. 468 (1935).

Under the Maryland procedure whereby the jury makes the ultimate decision on the voluntariness of a confession, a trial judge's comment to the jury that he has found the defendant's confession to be voluntary "shows his opinion of a question of fact which the jury is to pass on," *Coffin v. Brown, supra,* 94 Md. at 203. In light of the settled law in this State regarding the proper scope of a trial judge's comments to the jury upon evidence, it is error for the judge to disclose in the presence of the jury his finding of voluntariness.

(3)

*Whether the Error in the*
*Jury Instruction Was Harmless*

Recently in *Dorsey v. State,* 276 Md. 638, 659, 349 A. 2d 414 (1976), this Court, in an opinion by Judge O'Donnell, set forth the test for determining whether error committed in a criminal trial was harmless:

"We conclude that when an appellant, in a criminal case, establishes error, unless a reviewing court, upon its own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed 'harmless' and a reversal is mandated."

The burden of "demonstrat[ing], beyond a reasonable doubt, that such error did not contribute to the conviction," is upon the beneficiary of the error, here the State. *Ibid.*

As previously pointed out, the majority of the Court of Special Appeals held that the improper jury instruction was harmless, and that *Barnhart v. State, supra,* 5 Md. App. at

227-229, was distinguishable, on the ground that in the present case there was no credible evidence contradicting the testimony that Dempsey's confession was freely and voluntarily given. *Dempsey v. State, supra,* 24 Md. App. at 14-15. Of course, if the State's evidence of voluntariness were uncontradicted, there would be no rational basis for a jury conclusion that the confession was involuntary, and thus the error in the instruction would have "in no way influenced the verdict" and would be deemed harmless. *See Robinson v. State, supra,* 249 Md. at 216-217. The majority below was of the view that the State's evidence of voluntariness was uncontradicted because "there is no permissible inference from the testimony of Dempsey or his wife that the confession was caused by intoxication," 24 Md. App. at 27-28. The majority went on to rely upon this Court's opinions in *Bryant v. State,* 229 Md. 531, 535-536, 185 A. 2d 190 (1962), and *Mundell v. State,* 244 Md. 91, 93, 223 A. 2d 184 (1966), where the Court stated that the test of voluntariness is not whether the defendant had been under the influence of narcotics *(Bryant)* or had been drinking *(Mundell)* but whether his "disclosures to the police were freely and voluntarily made at a time when he knew and understood what he was saying" *(Mundell,* 244 Md. at 93).

However, as Judge Davidson pointed out in her dissenting opinion below (24 Md. App. at 42-43), the cases relied on by the majority of the Court of Special Appeals' panel do not support the panel's decision. In *Bryant* and *Mundell,* the Court set forth the general principle that evidence of mental impairment from drugs or alcohol does not per se render a confession involuntary, and that a court may admit a confession into evidence if it concludes that it was freely and voluntarily made despite the evidence of mental impairment. But this does not mean that evidence of intoxication is always irrelevant on the question of voluntariness. This Court held long ago, in *Watts v. State,* 99 Md. 30, 57 A. 542 (1904), that the mental condition of a defendant at the time of his confession is relevant to the question of voluntariness.

The Supreme Court, in *Townsend v. Sain*, 372 U. S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963), made it clear that whether one is under the influence of a drug is to be considered in determining the voluntariness of a confession. In that case, the Court reversed the denial of a petition for a writ of habeas corpus by a state prisoner who claimed that his conviction was based on an involuntary confession because, at the time he confessed, he was under the influence of drugs. The Supreme Court stated in *Townsend*, 372 U. S. at 307:

> "Numerous decisions of this Court have established the standards governing the admissibility of confessions into evidence. If an individual's 'will was overborne' or if his confession was not 'the product of a rational intellect and a free will,' his confession is inadmissible because coerced. These standards are applicable whether a confession is the product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug-induced statement."

And later (*id.* at 308):

> "Any questioning by police officers which *in fact* produces a confession which is not the product of a free intellect renders that confession inadmissible."

A very pertinent case in this regard is *Gladden v. Unsworth*, 396 F. 2d 373 (9th Cir. 1968), another federal habeas corpus proceeding by a state prisoner. One of the petitioner's contentions in *Gladden* was that an out of court statement which he had made was involuntary and was admitted into evidence in violation of the procedures required by *Jackson v. Denno, supra.* The Court of Appeals for the 9th Circuit held that the procedures required by *Jackson* were violated because the state trial judge, although hearing testimony on voluntariness out of the presence of the jury, failed to make a ruling himself as to whether the statement was voluntary. The state then argued that the violation of the *Jackson v. Denno* requirement was harmless

because, despite evidence of intoxication, the admission was voluntary. The state argued that Unsworth's admission was "thoroughly spontaneous," that there was "no taint of coercion" and "that the evidence does not show that Unsworth's intoxication amounted to or resulted in mania . . . ." As to this, the Court of Appeals stated (396 F. 2d at 380-381):

> "But, in our opinion, voluntariness is not necessarily established by proving that the confession was spontaneous or by proving the absence of an improper purpose on the part of the questioning officers. If by reason of mental illness, use of drugs, or extreme intoxication, the confession in fact could not be said to be the product of a rational intellect and a free will, to use the test of Townsend v. Sain, it is not admissible and its reception in evidence constitutes a deprivation of due process.
>
> "We accordingly hold that, under the circumstances of this case, Unsworth's conviction, predicated in part on testimony describing incriminating oral statements made by him while he was in a state of gross intoxication, carries with it such a potential for invasion of constitutional rights that it cannot stand unless vindicated by further inquiry."

See, in addition, Cantrell v. Maxwell, supra, 298 F. Supp. at 1063; Logner v. State of North Carolina, 260 F. Supp. 970, 976 (M.D. N.C. 1966) ("A confession made by one in the petitioner's state of intoxication could not be the product of a rational intellect and a free will").

We do not suggest in this case that the evidence concerning Dempsey's drinking and alleged intoxication required the trial judge or the jury to find that his confession was involuntary. On the contrary, we reiterate that the mere fact that a defendant has been drinking or is under the influence of alcohol at the time of his confession

does not as a matter of law require the conclusion that the confession was not freely and voluntarily made. *Mundell v. State, supra; Wiggins v. State*, 235 Md. 97, 200 A. 2d 683 (1964), *cert. denied*, 379 U. S. 861, 85 S. Ct. 123, 13 L.Ed.2d 64 (1964); *Bryant v. State, supra*. Nevertheless, in this case the evidence of drinking and intoxication was sufficient to raise a legitimate jury issue as to the voluntariness of the confession. Michael Dempsey testified that he had been drinking continuously for two days prior to his arrest, that he could not remember what he and the police officer discussed, and that his excessive drinking caused "blackout spells" which accounted for his inability to remember what occurred at the police station. Dempsey's wife testified that he had been drinking steadily for two entire days without eating, that he was drunk when he left his hotel room with the police officer, and that her husband did not really understand what the police officer was talking about. Considering this testimony, we are unable to conclude "beyond a reasonable doubt" that the trial judge's instruction, that he found the confession to be "a voluntary statement in every regard," could have "in no way influenced" the jury in its determination of voluntariness. Consequently, the error was not harmless.

> *Judgment of the Court of Special Appeals reversed, and case remanded to that court with directions to reverse the judgments of the Circuit Court for Dorchester County and remand the case for a new trial.*
> *Costs to be paid by Dorchester County.*