## CATHERINE REBECCA CARTER *v.* STATE OF MARYLAND

[No. 979, September Term, 1976.]

*Decided May 18, 1977.*

The cause was argued before THOMPSON, DAVIDSON and MOORE, JJ.

*Lee Gordon, Assigned Public Defender,* for appellant.

*W. Timothy Finan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Timothy Doory, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Catherine Rebecca Carter, the appellant, was convicted of murder and robbery by a jury in the Criminal Court of Baltimore. The only contention on appeal is that the trial judge improperly admitted the appellant's confession over objection. The confession was the subject of a pretrial motion to suppress and thus we confine ourselves to the record at the suppression hearing.

Appellant argues that the trial judge's remarks at the conclusion of the evidence offered by the State on the motion to suppress and at the end of the hearing, together, show that he applied an unconstitutional burden of proof in determining the voluntariness of the confession. While we are not entirely satisfied that the trial judge applied an improper standard in determining voluntariness, we are convinced that the record does not clearly show that he used a proper standard. We will, therefore, reverse and remand the case for a new trial.

After the State had concluded its evidence, the following transpired:

"The Court: Do you want to offer any evidence?

Mr. Byrd: I was going to say I think I should be in a position here to argue at the conclusion of the State's case and then have the option of offering any further evidence.

The Court: All right, go ahead.

Mr. Byrd: Your Honor —

Mr. Doory: Your Honor, at this point —

The Court: Actually it's your motion. You are the moving party, but the State took it over. All the State has to do is submit and it is your burden.

Mr. Byrd: That's true,[1] Your Honor. That is true.

1. The State argues that this is evidence of acquiescence on the part of the defense in the trial judge's error and should constitute a waiver. We agree that under certain circumstances a statement such as this might constitute a waiver. In this case, however, defense counsel was not agreeing to an erroneous standard but was agreeing to the order of presentation. He

It never seemed to work out that way for me when I was a prosecutor.

The Court: All the State has to do is offer the statement and you have a right to cross examine on it,. and then it is up to you, you have the burden. You have the burden of convincing the Court it was an improper statement.

Mr. Byrd: That's what my point was. I think if the State offers it, that I have the right to object to it and argue on that and then have to put on testimony.

The Court: Well, I'll let you do it, but actually all the State had to do was offer it and then it is up to you, but they take it over most of the time."

At the conclusion of the hearing, the trial judge stated as follows:

"I am satisfied there was absolutely nothing in this interview. I believe the officers were attempting to be as complete and honest with her as they possibly could, and I think the thing that triggered the statement was probably what happened when the boy friend came and they permitted him to talk to her, and she said that they did, and she talked to him for a few minutes and when he advised her, she said she didn't pay any attention to him, but the evidence is that afterwards she immediately or shortly thereafter did go ahead and sign a statement, whatever the statement says, and I see nothing that would persuade me that what was done or said was so overbearing that her will not to give a statement was suborned to the point where it became duress or coercion. I think she found out

---

was simply stating that after the State puts the statement into evidence he should be given a chance to argue. This is not the type of situation where Md. Rule 1085 could be invoked because the filing of a motion to suppress the confession calls upon the trial judge to apply the correct burden of proof. In other words, this is not a question that was not presented initially to the trial judge.

what was going on, what was happening, all of her friends were there — I think she said at least one other lady was there — and she just wanted to give the statement I suppose. I don't know. You never know why people give statements, but they do frequently give them.

All right, I deny the motion and will admit the statement."

It has long been established that the burden rests upon the State to show that a confession to be offered in evidence is the voluntary act of the accused. *Kier v. State,* 213 Md. 556, 561, 132 A. 2d 494 (1957). The State argues, however, that the statement by the trial judge that he was satisfied that there was no inducement offered to obtain the statement shows with unmistakable clarity that the court felt that the confession was voluntary after applying the proper burden of proof.

In *Smith v. State,* 189 Md. 596, 603-604, 56 A. 2d 818 (1948) and *Kier v. State, supra,* the Court indicated that a showing to the "satisfaction of the court" was sufficient. In *Mulligan v. State,* 18 Md. App. 588, 601, 308 A. 2d 418 (1973), this Court stated that while the Court in *Smith* had articulated that the evidence must be *prima facie* it had been applying the correct standard. In *Kidd v. State,* 33 Md. App. 445, 460, n. 4, 366 A. 2d 761 (1976), *cert. granted,* January 27, 1977, we stated:

"It is now, of course, clear since *Lego v. Twomey,* 404 U. S. 477, 92 S. Ct. 619, 30 L.Ed.2d 618 (1972), that the burden is that of a preponderance of the evidence and not that of demonstrating to the satisfaction of the court."

Despite our comment in *Kidd, supra,* we note what we said in *Hebb v. State,* 31 Md. App. 493, 499, 356 A. 2d 583 (1976):

"Judges are presumed to know the law. *Samson v. State,* 27 Md. App. 326, 334, 341 A. 2d 817, 823 (1975). *See Schowgurow v. State,* 240 Md. 121, 126,

213 A. 2d 475, 479 (1965). Absent an indication to the contrary, we must assume that judges apply the law correctly to the case before them. Therefore, inasmuch as the trial judge in the instant case did not articulate his reasons for admitting the appellant's statement into evidence, we deduce that he applied the preponderance of evidence test set out by *Lego* and the third *Mulligan.* [18 Md. App. 588, 308 A. 2d 418 (1973)]."

Absent the circumstances, hereinafter discussed, we might well hold in this case that the use of the word "satisfactory" was synonymous with proof by a preponderance of the evidence.[2] We are precluded, however, from making such a finding in view of the trial judge's grievous misstatement of the law at the conclusion of the State's evidence wherein he said that the defendant had the burden of convincing the court it was an improper statement. As to this, the State argues that at the time the court made the improper remark there was no evidence suggesting that the statement was anything other than voluntary and that the court was speaking of the situation at that time. We cannot accept this argument because at the end of the remarks the court indicated that it was not speaking of the present case but, rather, in all cases it was up to the defendant to offer evidence that a statement was involuntary. As the record does not disclose that the statement or confession was found by the trial judge, with unmistakable clarity, to be voluntary, there is reversible error. *Hebb v. State, supra* at 496. Even though the judge stated that he was satisfied that the statement was voluntary, it appears that he may have

---

2. As we stated in Mulligan v. State, *supra* at 602:

"Trial judges should not only apply the preponderance of evidence test to confessions, as has been required in this State for some time, Smith v. State, *supra,* and now nationally by Lego v. Twomey, *supra,* but they should, in order to avoid confusion, shun the use of the words *prima facie* in connection with the degree of proof required of the State to render a confession admissible."

We now indicate that trial judges should also shun the use of the word satisfied.

been satisfied under an improper standard.[3] Although the trial court's statement as a general proposition of law that the moving party has the burden of establishing his factual premises is correct, that is not true with reference to confessions as is set out in all of the cases cited herein as well as all other cases that have come to our attention.

We do not reach the other questions presented as to whether the confession was obtained in violation of the strictures of *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), or was otherwise involuntary.

> *Judgments reversed.*
> *Case remanded for a new trial.*
> *Costs to be paid by the Mayor and*
> *City Council of Baltimore.*

---

**3.** Of course the jury, or the judge if the case is tried without a jury, must ultimately find the confession voluntary beyond a reasonable doubt. Dempsey v. State, 277 Md. 134, 144-147, 355 A. 2d 455 (1976).